WheeleR, J.
The defendants iu error sued the plaintiff in error for trespasses committed upon their lands in cutting and carrying away timber. The plaintiff recovered judgment, to reverse which the ground mainly relied on in argument is tiie ruling of the court upon the admissibility in evidence of a deed of conveyance introduced by tiie plaintiffs as evidence of title in themselves to the land, and a transcript of the record of certain proceedings in the Probate Court of Nacogdoches county.
It appears by the statement of facts that the execution of the deed in question was proved to the satisfaction of the court, and thereupon admitted in evidence. And it is a sufficient answer to the objection now urged to tiie sufficiency of tiie proof of its execution, that it does not appear that tiie defendant objected to tiie introduction of the deed in evidence. Objections to tiie admissibility of evidence can not be first taken in the appellate court.
Tiie transcript from the Probate Court of Nacogdoches county, offered in evidence by the defendant, went to prove that the plaintiffs had parted with the title to a part of the half league of land on which the trespass was committed. The avowed object of its introduction was to show that the plaintiffs had admitted or recognized a different boundary or division line between themselves and the defendant from that claimed in this suit. It is not perceived, however, that it tended to prove such admission. It seems to us to have been irrelevant and inadmissible for that purpose, audit is not pretended that it was admissible for any other. It was not proposed to prove that the trespasses were committed upon the portion of the tract to which the plaintiffs had parted with the title.
Other grounds of error are indicated in argument, which, however, scarcely require a notice. The wife of the defendant sought to be made a co-defendant with her husband. But inasmuch as no judgment was sought or could have been rendered against her in this action, and as her rights could be in nowise be affected by the judgment, the court rightly ruled that she was not a proper party to the suit, and refused to permit her to contest with the plaintiffs their right of action against her husband.
A series of propositions was submitted to the court and asked as instructions by counsel for the defendant. But as they were either irrelevant or based on assumptions of fact not warranted by the evidence, they were rightly refused, and their propriety, as abstract legal principles, need not be here discussed.
We are of opinion that there is ño error in the judgment, and it is affirmed.
Judgment affirmed.