**Willett WILSON, Appellant,**

v.

**COUNTY OF CALHOUN et al., Appellees.**

**No. 734.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1972.

Rehearing Denied Dec. 29, 1972.

Willett Wilson, Houston, for appellant.

O. F. Jones, Victoria, William W. Day, Port Lavaca, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal from an order sustaining defendants-appellees' plea in abatement in response to a petition in intervention that was filed in a pending lawsuit. We affirm.

This case is a sequel to Willett Wilson et al. v. Calhoun County et al., Tex.Civ. App., 425 S.W.2d 846, writ ref'd n. r. e., decided by this Court on February 29, 1968. After the judgment in the prior case became final, Mrs. Katherine R. Staley, et al, sued the County of Calhoun, its County Judge and its four County Commissioners in trespass to try title. Willett Wilson, hereinafter sometimes called intervenor and sometimes called appellant, intervened in the suit. The defendants then filed an unsworn plea in abatement, wherein they moved that the petition in intervention be stricken and dismissed by the court.

The land involved in the suit filed by plaintiffs is a tract of 1.8 acres, situated in Calhoun County, referred to in the trial as and hereinafter called "Flounder Point". Intervenor alleged that he and the County had agreed to settle the lawsuit then pending, and that he had an interest in the land in controversy in that it had been mutually agreed by and between him and Frank Wedig, one of the County Commissioners, that "if Intervenor could and would secure deeds from the Plaintiffs conveying their interests in this land to the County for not more than $600.00 per acre in settlement of the lawsuit, the County would pay this amount and then swap and convey this 1.8 acres to the Intervenor for the same amount of land at Alamo Beach, on Lavaca Bay, in Calhoun County, Texas", and "that said agreement was approved, accepted and confirmed by the Commissioners' Court at a meeting on September 18, 1970, in their Courtroom in the County Courthouse in Port Lavaca, Texas". He further alleged that he had fully performed his part of the agreement, but that the defendants had refused to consummate the same. He prayed for specific performance of the alleged agreement.

The case was tried to a jury. After the plaintiffs had rested, the defendants put on evidence in support of their plea in abatement. It was conclusively established by that evidence that the Commissioners' Court of Calhoun County did not, at any time, by resolution, order, or otherwise, make any agreement with appellant to settle the lawsuit in the manner alleged by intervenor in his petition in intervention, or to exchange deeds with him to any land. Intervenor, when called as a witness under the adverse party rule, admitted that there was no such order or resolution in the minutes of the Commissioners' Court. He claimed that his allegations were established by inference.

The trial court then sustained the plea in abatement, the effect of which was to dismiss intervenor from the lawsuit. Intervenor excepted to both the ruling by the court and its refusal to allow him to put on any evidence. A Bill of Exceptions that

includes the excluded evidence is part of the record. A final judgment was entered that plaintiffs take nothing against the defendants and that the intervenor "do have and recover nothing" against the defendants. Plaintiffs did not appeal. Intervenor has appealed the ruling by the trial court sustaining the plea, but he does not attack the judgment that was entered by a point of error.

Appellant, by his first two points of error, contends that the trial court erred in sustaining the plea in abatement because it was not verified. He invokes Rule 93(c), Texas Rules of Civil Procedure, which reads as follows:

"A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

\*  \*  \*  \*  \*  \*

(c) That the plaintiff is not entitled to recover in the capacity in which he sues; or that the defendant is not liable in the capacity in which he is sued."

Appellant's contention cannot be sustained. Appellees, in their plea in abatement, do not challenge the right of appellant to recover in the capacity in which he sues in his petition in intervention, nor do they claim that they are not liable in the capacity in which they are sued. Therefore, there is no need for such verification. The points are overruled.

Appellant further asserts that the agreement that he had with the County was an agreement to settle a pending lawsuit and he, therefore, had a right to intervene therein because of his alleged interest in Flounder Point, the land in controversy. He also claims that the agreement whereby the County agreed to execute a deed conveying Flounder Point to him in exchange for his deed to the Alamo Beach acreage does not fall within the purview of Article 1577, Vernon's Ann.Civ.St. We disagree.

In order for a party to intervene in a pending suit, he must be a proper party to that suit. 44 Tex.Jur.2d, Parties, § 44, pp. 195–196. The sufficiency of the petition in intervention is tested by its allegations of fact on which the right to intervene depends, and the petition will fail if no justiciable interest, legal or equitable, is alleged therein. Mulcahy v. Houston Steel Drum Company, 402 S.W.2d 817 (Tex.Civ. App.—Austin 1966, n. w. h.); Watkins v. Citizens Nat. Bank, 53 Tex.Civ.App. 437, 115 S.W. 304 (1909).

The rule applicable here is stated in King v. Olds, 71 Tex. 729, 12 S.W. 65 (1888) as follows:

"The intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought; or, if the action had first been brought against him as the defendant, he would have been able to defeat the recovery, in part at least. His interest may be either legal or equitable."

The lawsuit filed by plaintiffs was the usual trespass to try title action. They alleged title, possession and ownership of Flounder Point in themselves, that they had been unlawfully ousted by defendants, and that the possession of the land in controversy was being unlawfully withheld from them by the defendants. They alleged record title in themselves and specially plead the 3, 5, 10 and 25 year statutes of limitations.

Appellant did not plead facts establishing a justiciable interest in Flounder Point. His interest in the subject matter of the action filed by plaintiffs is not such that if plaintiffs had not filed suit, and he had first brought the suit as the sole plaintiff, he would have been entitled to recover of defendants the relief sought by his petition; or, if the defendants had sued him, he would have been able to defeat a recovery by them. He did not allege that he owned any interest, legal or equitable, in

Flounder Point, or that any rights which he had therein were endangered by fraud or collusion between plaintiffs and defendants. No reason is assigned as to why he should be permitted to intervene in order to avoid a multiplicity of suits. The possibility that he might thereafter become the owner of that land did not make that possibility an interest in the land at the time he filed his petition.

■ The alleged agreement with Commissioner Wedig and the allegation that such agreement was ratified by the County is not an interest in the land that could have been affected by any judgment that could have been rendered in the pending suit. Appellant's pleadings do not demonstrate that a right of action with respect to the land in controversy existed in his own name at the time he filed his petition. His petition did not state a cause of action. Leach v. Millard, 9 Tex. 551 (1853); Inter-Continental Corporation v. Moody, 411 S.W.2d 578 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.); DeCato v. Krebs Construction, Inc., 410 S.W.2d 806 (Tex.Civ. App.—Waco 1966, writ ref'd n. r. e.).

■ It is settled law that a county can act only through its Commissioners' Court and the individual commissioners have no authority to bind the county by their separate actions or agreements. Canales v. Laughlin, 147 Tex. 169, 214 S.W. 2d 451, 455 (1948); Eastex Wildlife Conservation Ass'n v. Jasper et al, 450 S.W.2d 904, 907 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). The authority of the Commissioners' Court as the governing body of the county to make contracts in behalf of the county is limited to that conferred either expressly or by necessary implication by the Constitution and laws of this State. Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011, 1016 (1936). A contract made by a county is valid and binding only if made under the authority of a resolution or order duly passed at a meeting of the Commissioners' Court and entered in the minutes. Morrison v. Koh-

ler, 207 S.W.2d 951 (Tex.Civ.App.—Beaumont 1947, writ ref'd n. r. e.); 15 Tex. Jur.2d Counties, §§ 92, 93, pp. 317–320. That which the Commissioners' Court could authorize in the first instance could be ratified by it at a subsequent date. Cameron County v. Fox, 61 S.W.2d 483, 487 (Tex.Com.App., 1933); Angelina County v. Kent, 374 S.W.2d 313 (Tex.Civ.App. —Beaumont 1963, n. w. h.).

■ The manner by which a county can convey land to an individual is set out in Article 1577, V.A.C.S. A conveyance of land made by a county in any mode other than that prescribed by the statute is void. Ferguson v. Halsell, 47 Tex. 421 (1877); 15 Tex.Jur.2d, Counties § 88, pp. 313–314. The proposed exchange of deeds to the respective tracts of land as alleged by appellant in his petition in intervention is in violation of the statute; consequently, if the agreement, as alleged by appellant, was, in fact, made, it, being an illegal transaction, could not be specifically enforced by the court.

Appellant also claims that the trial court committed reversible error in refusing to permit him to present evidence before the jury to substantiate his position. He argues that his evidence that was excluded raised fact issues that should have been decided by the jury.

■ Before this case can be reversed because the trial judge did not permit appellant to introduce evidence in support of the allegations made in his petition, it must be shown that under the provisions of Rule 434, T.R.C.P., appellant's rights were prejudiced, and that the error complained of amounted to such a denial of his rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Appellant did not meet that burden. His evidence on his Bill of Exceptions does no more than establish that there was correspondence between his counsel and the attorneys representing appellants, that he had several conferences with County Judge Jetton on the matter,

that there had been discussions with Commissioner Wedig relating to the settlement of the pending case that contemplated the exchange of deeds to the aforesaid tracts of land, that the minutes of the Commissioners' Court reflected that the tender by appellant of executed deeds by plaintiffs to the County of their undivided interests in Flounder Point was refused and that the attorney for appellees advised the Commissioners' Court that the County could not legally convey Flounder Point to appellant in exchange for a conveyance of the Alamo Beach tract.

The depositions, correspondence, exhibits and testimony that was refused admittance into evidence did not show that the Commissioners' Court, acting in its official capacity, by an order spread upon its minutes, agreed to convey Flounder Point to appellant in exchange for his deed to the Alamo Beach tract of land as part of any settlement of the lawsuit, or that an agreement to do so was subsequently ratified by it. It is immaterial whether Commissioner Wedig did or did not make the alleged agreement with appellant, for the Commissioners' Court alone may make contracts that are binding on the county unless otherwise specifically provided by statute. Anderson v. Wood, 137 Tex. 201, 152 S.W. 2d 1084 (1941). "The commissioners' court is a court of record, and speaks through its minutes, and not by the mouths of the members of the body". Gano v. County of Palo Pinto, 71 Tex. 99, 8 S.W. 634 (1888); Bass v. Aransas County Ind. Schl. Dist., 389 S.W.2d 165 (Tex.Civ.App. —Corpus Christi 1965, writ ref'd n. r. e.).

The action by the trial court did not harm or prejudice appellant's rights in any way. It did not cause the rendition of an improper judgment.

The trial judge correctly sustained the plea in abatement. We have carefully considered all of appellant's points and they are all overruled. The judgment of the trial court is affirmed.