Honorable Cecil Mackey President Texas Tech University P. O. Box 4641 Lubbock, Texas 79409
Re: Sale of land by Texas Tech University.
Dear Mr. Mackey:
You inform us that real estate belonging to Texas Tech University was leased in 1977 to the current tenant under a lease purchase contract with an option to purchase. The lease purchase arrangement was advertised in a local paper for one week and the bid opening was scheduled for a few days later. The property was leased to the highest bidder with the option to purchase conditioned upon the passage of legislation authorizing conveyance of the property in question by the Chairman of the Board of Regents. The sixty-sixth legislature enacted Senate Bill 213 authorizing sale of the property `only after advertisement in at least two issues of a newspaper published in the county in which the land is located, the first such publication to be made at least 30 days in advance of the sale date.' The advertisement is to call for sealed bids and provide for sale to the highest bidder. You ask whether the Board of Regents must rebid the property before selling it or whether it may convey the property to the current lessee without advertising the sale.
The power of the state to dispose of its property is vested in the legislature and may be exercised by agents of the state only under legislative authorization. Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913); see also Lorino v. Crawford Packing Co., 175 S.W.2d 410 (Tex. 1943); Attorney General Opinions C-207 (1964); V-320 (1947). Prior to the enactment of Senate Bill 213 the regents had certain specific powers with respect to the lease or conveyance of University lands, (see Educ. Code §§ 109.44, 109.45, 109.46, 109.48) but no statute authorized them to sell the land in question. The lease-purchase contract recognize this lack of authority, since it conditions the purchase option on the enactment of legislation authorizing conveyance of the land for the stated consideration.
The recently enacted Senate Bill 213 is the only legislative authorization for the sale of this land. Its terms must be strictly complied with. See State v. Easley, 404 S.W.2d 296 (Tex. 1966); Wilson v. County of Calhoun, 489 S.W.2d 393
(Tex.Civ.App.-Corpus Christi 1972, writ ref'd n.r.e.); Attorney General Opinion C-760 (1966). The Board of Regents must rebid the land and otherwise comply with the requirements of Senate Bill 213.
The contingent purchase option granted in the 1977 contract is unenforceable because no legislation has been enacted which authorizes sale of the land on the contract terms. The Regents had no authority in 1977 to bind the state to dispose of the property in accordance with the lease purchase contract. See State v. Ragland Clinic-Hospital, 159 S.W.2d 105 (Tex. 1942). Thus, the enactment of Senate Bill 213 does not impair the obligation of a contract entered into by the state. See Tex. Const. art. I, § 16.
 SUMMARY
The Board of Regents of Texas Tech University must comply with the terms of Senate Bill 213 in order to sell the land to which it relates.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General