

# The Attorney General of Texas

December 13, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ed D. Roach
President
West Texas State University
Canyon, Texas    79016

Opinion No. JM-242

Re: Whether West Texas State
University may convey certain
land to a hospital district

Dear President Roach:

You advise that, pursuant to chapter 174, Acts of the Sixty-third Legislature, the Board of Regents of West Texas State University conveyed an easement to South Randall County Hospital District on 12 acres of land to be used for the construction of a hospital. The board of regents retained the fee title and conveyed to the hospital district an easement for 50 years or until such time before 50 years as the hospital facilities should be abandoned or neglected, at which time all right, title, and interest would revert to the state for the use and benefit of West Texas State University. You further advise that, as consideration for the grant of the easement, the hospital agreed to provide health care services to the students of the university, which enables the university to eliminate the cost of providing a health care clinic on its campus. Health care services for students are paid for under a contract between the university and the hospital out of health services fees paid by the students.

You ask whether the Board of Regents of West Texas State University may convey the same acreage to the South Randall County Hospital District with a fee title that is subject to reversion to the state for the use and benefit of West Texas State University if the hospital district abandons or neglects the hospital facilities. We conclude that the legislature has authorized the board of regents to convey such a fee title to the land in question to the hospital district to be used for hospital purposes.

The disposition of state-owned land is a matter over which the legislature has exclusive control and the power of an agency of the state to convey state property may be exercised only under the legislature's authorization. See Lorino v. Crawford Packing Co., 175 S.W.2d 410, 414 (Tex. 1943); Conley v. Daughters of the Republic, 156 S.W. 197, 200 (Tex. 1913); Attorney General Opinions JM-149 (1984); MW-62 (1979); C-207 (1964); V-878 (1949). The terms of legislative authorization for the conveyance of land must be strictly complied

with. See State v. Easley, 404 S.W.2d 296 (Tex. 1966); Wilson v. County of Calhoun, 489 S.W.2d 393 (Tex. Civ. App. - Corpus Christi 1972, writ ref'd n.r.e.); Attorney General Opinions JM-149 (1984); MW-62 (1979). In Conley v. Daughters of the Republic, the Texas Supreme Court said that the legislature

> has in general 'the same rights and powers in respect to property as an individual. It may acquire property, real or personal, by conveyance, will, or otherwise, and hold or dispose of the same or apply it to any purpose, public or private, as it sees fit. The power of the state in respect to its property rights is vested in the Legislature, and the Legislature alone can exercise the power necessary to the enjoyment and protection of those rights, by the enactment of statutes for that purpose. . . .'

Id. at 200.

Section 1, chapter 174, Acts of the Sixty-third Legislature, clearly authorizes the board of regents "to transfer and convey" the land in question to the hospital district "under such terms and conditions as may be deemed advisable by the board of regents. . . ." Acts 1973, 63rd Leg., ch. 174, §1, at 396. Section 2 of chapter 174 provides that

> [i]f the land described in Section 1 of this Act is transferred to the South Randall County Hospital District, the South Randall County Hospital District shall have the right to construct a hospital and related facilities on the land described in Section 1. In the event the hospital facilities shall be abandoned or neglected, all title and interest in the land described in Section 1 shall revert to the State of Texas for the use and benefit of West Texas State University.

Id. §2, at 397.

You also inquire what, if any, consideration is necessary for the conveyance of the fee title to the land. The legislature did not require a specific consideration. Chapter 174 leaves terms and conditions of the transfer to the discretion of the board of regents. By the conveyance of the property to the public purpose of maintaining hospital facilities, we believe that the legislature impliedly voiced its intention that the conveyance of the property serve as a benefit to public welfare.

The board of regents' conveyance of an easement to the hospital district for hospital purposes for a term of years in return for an agreement that the hospital district provide health care services to students of the university during the period of the easement clearly constitutes a conveyance for a public purpose which benefits the university and promotes the public welfare. Presumably, in conveying the fee title to the property instead of the current easement for a term, the parties will substitute for the present agreement during the term of the easement an agreement by the hospital district to continue furnishing health care services to students for the duration of the fee title as provided by contract between the university and the hospital district. In our opinion, such a conveyance and agreement constitute adequate consideration for the transfer in question and comply with the legislative authorization for the conveyance.

## S U M M A R Y

Acts 1973 of the Sixty-third Legislature, chapter 174 at page 396 authorizes the Board of Regents of West Texas State University to convey certain land to the South Randall County Hospital District for hospital purposes. A conveyance of a fee title to the land, subject to reversion to the state if the hospital district does not maintain a hospital, and an agreement that the hospital provide health care services to students comply with the legislature's authorization for conveyance of the land.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

p. 1092

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton