

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
.1ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 25, 1984

Honorable Lloyd Criss
Chairman
Committee on Labor and
   Employment Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-149

Re:  Authority of the Administrator of the Texas Employment Commission in regard to deeds, contracts, expenditures, and other functions

Dear Representative Criss:

In accordance with the Sunset Act, the Sixty-eighth Legislature enacted legislation for the continuance of the Texas Employment Commission with modifications designed to improve the agency's operation. You have asked our opinion concerning the responsibilities of the members of the Texas Employment Commission and those of the agency administrator under the recently amended act. You also have asked three specific questions occasioned by changes in the act which relate to the organizational structure and administration of the agency. We believe the act as amended authorizes a person appointed to the merit system position of agency administrator to perform the routine, day-to-day administrative functions and authorizes the commission to administer the act and to take the action it deems necessary or suitable to that end. We believe the commission retains the final responsibility for the administration of the Texas Unemployment Compensation Act.

In the case of most state agencies, the board or commission appointed by the governor employs an administrator or director who, in turn, employs the personnel necessary for the operation of the agency. Prior to the Sixty-eighth Legislature, the administrative structure of the Texas Employment Commission differed from the usual structure. The chairman of the Texas Employment Commission was statutorily designated as executive director of the agency, but the commission, acting as a whole, was authorized to employ the persons it deemed necessary or suitable to administer the agency's duties. See V.T.C.S. art. 5221b-9; Attorney General Opinion H-979 (1977). However, recent chairmen have not acted as administrator of the agency. Instead, the commission had chosen to employ an administrator who had no powers or duties designated by statute. The commission had the authority to determine the administrative structure of the agency and continued to select and appoint persons to fill several top administrative

positions in the agency. See Texas Sunset Advisory Commission Final Report on Business and Professional Agencies, Vol. 1 (1983).

The Sixty-eighth Legislature amended articles 5221b-8(d) and 5221b-9, V.T.C.S., to delete the chairman's designation as executive director and the commission's authority to employ the personnel necessary to administer the agency. Article 5221b-9, as amended, added a directive to the commission to appoint an agency administrator on the basis of merit to administer the day-to-day operations of the Texas Employment Commission, including the appointment and determination of the duties of all persons necessary to perform the commission's duties and the development of a system of annual performance evaluations on which all merit pay for the commission's employees will be based.

Article 5221b-9 provides, in pertinent part:

(a) Duties and Powers of Commission: It shall be the duty of the Commission to administer this Act; and it shall have power and authority to adopt, amend, or rescind such rules and regulations, to make such expenditures, require such reports, make such investigations, and take such other action as it deems necessary or suitable to that end. Such rules and regulations shall be effective upon publication in the manner, not inconsistent with the provisions of this Act, which the Commission shall prescribe. The Commission shall determine its own organization and methods of procedure in accordance with the provisions of this Act, and shall have an official seal which shall be judicially noticed. The Commission shall appoint an Agency Administrator on the basis of merit to administer the day-to-day operations of the Texas Employment Commission. The Commission may prescribe any specific qualifications for the position necessary to comply with federal law. The position of Agency Administrator is a merit system position.

. . . .

(e) Personnel: The Agency Administrator is authorized to appoint and prescribe the duties and powers of all officers, accountants, attorneys, experts, and other persons as may be necessary in the performance of the Commission's duties. The Agency Administrator may delegate to any such person so appointed such power and authority as

the Agency Administrator deems reasonable and proper for the effective administration of this Act, and may, at the Agency Administrator's discretion, bond any person handling moneys or signing checks hereunder. The Agency Administrator or the Agency Administrator's designee shall develop a system of annual performance evaluations based on measurable job tasks. All merit pay for Commission employees must be based on the system established under this subsection. (Emphasis added).

However, section 6(b) of House Bill No. 2, Sixty-eighth Legislature, 1st Called Session, provides:

(b) The person employed on the effective date of this Act as the agency administrator is entitled to continue to serve in that capacity at the pleasure of the commission.

A person employed as agency administrator on September 1, 1983 may continue to serve at the pleasure of the commission without being appointed under the merit system. In the future when the commission appoints a new administrator, that appointment shall be through the merit system, and such appointee shall be entitled to administer the "day-to-day operations" of the agency subject to the overall authority of the commission.

Article 5221b-8(a), which creates the Texas Employment Commission, provides that "[t]he Commission shall consist of three (3) members" with one representing labor, one representing employers, and one representing the public generally. (Emphasis added). Under the amended act, even as to future administrators, the commission retains the duty to administer the Texas Unemployment Compensation Act and the power to take the action it deems necessary or suitable for that purpose, including, among other things, the authority to adopt rules and regulations and to make expenditures, as well as the authority to determine its own organization and methods of procedure in accordance with the act.

You specifically ask first whether the signature of the agency administrator is legally binding and acceptable on deeds and contracts. The disposition of state-owned land is a matter over which the legislature has exclusive control and the power of an agency of the state to sell and convey state property may be exercised only under the legislature's authorization. See Conley v. Daughters of the Republic, 156 S.W. 197, 200 (Tex. 1913); Lorino v. Crawford Packing Co., 175 S.W.2d 410 (Tex. 1943); Attorney General Opinions MW-62 (1979); C-207 (1964); V-787 (1949); V-320 (1947). The terms of

legislative authorization for the sale of land must be strictly complied with.  See State v. Easley, 404 S.W.2d 296 (Tex. 1966); Wilson v. County of Calhoun, 489 S.W.2d 393 (Tex. Civ. App. - Corpus Christi 1972, writ ref'd n.r.e.); Attorney General Opinion MW-62 (1979).  Material accompanying your opinion request indicates that you are especially concerned about the authority to sell and convey certain property in the city of Laredo.

In 1977, the legislature authorized the Texas Employment Commission to sell and convey property in Laredo by the enactment of chapter 526, Sixty-fifth Legislature, which reads, in pertinent part, as follows:

> Sec. 2.  . . . The Texas Employment Commission shall have the right to reject any and all bids; otherwise the highest bid submitted shall be accepted.

> Sec. 3. The three members of the Texas Employment Commission or a quorum thereof may execute and deliver a proper deed conveying the real property sold to the purchaser thereof, the form of such conveyance to be approved by the attorney general.

Chapter 526 expressly authorizes the commission to determine whether to reject all bids and authorizes the three members of the commission or a quorum of those members to execute a deed to convey the property. Since the terms of legislative authority must be strictly complied with, we conclude that only the members of the commission, or a quorum of the members, may execute a contract or conveyance for the property in Laredo and that the signature of the agency administrator on either a contract or deed would not be legally binding.

In order for the agency administrator's signature to be sufficient on a contract of sale or conveyance for other property, legislative authorization would be required for him, rather than the commission, to dispose of the particular property.

You also inquire whether the agency administrator may expend money from the Unemployment Compensation Special Administration Fund. Article 5221b-22a, V.T.C.S., which creates the fund, provides in pertinent part that

> [t]here is hereby established as a special fund, separate and apart from all public moneys or funds of this State, an Unemployment Compensation Special Administration Fund which may be used by the Commission for the purposes of paying costs of

> the administration of this Act . . . . The State
> Treasurer shall be the Treasurer and custodian of
> the fund. He shall administer such fund in
> accordance with the directions of the Commission,
> and the Comptroller shall issue warrants upon it
> in accordance with the directions of the
> Commission . . . . The Commission may, by
> resolution duly entered in its Minutes, authorize
> to be charged against said moneys any expenditures
> which it deems proper in the interest of good
> administration of this Act, provided the
> Commission in such resolution finds that no other
> funds are available or can properly be used to
> finance such expenditures . . . .

As we have stated, article 5221b-9 contains general provisions prescribing the duties and powers of the commission. It states that the commission has the duty to administer the Texas Unemployment Compensation Act and the power and authority to make such expenditures as it deems necessary or suitable for that purpose. Article 5221b-22a is authority to the commission to use the specific fund in question for the costs of the administration of the unemployment compensation act. It provides that the commission, by resolution duly entered on its minutes, authorizes the use of money in the fund for expenditures which it deems proper in the interest of the good administration of the act. The state treasurer and comptroller are directed to administer the fund and issue warrants in accordance with the directions of the commission. Chapter 1095 of the Sixty-eighth Legislature, the General Appropriations Act, appropriates to the Texas Employment Commission in item 5 a maximum amount that may be expended for the administration of the Texas Employment Commission. See Art. I-69 at 5804 of the Session Laws. We are not aware of any statutes which also authorize the agency administrator to expend money from the Unemployment Compensation Special Administration Fund.

Finally you ask whether the agency administrator is permitted to submit Attorney General Opinion requests. Article 4399, V.T.C.S., provides in pertinent part that

> (b) Persons who may request written opinions include:
>
> (1) the Governor;
>
> (2) the head of any department of the State government;
>
> (3) the heads and boards of penal institutions;

(4) the heads and boards of eleemosynary institutions;

(5) the heads of all other State boards;

(6) regents and trustees of State educational institutions;

(7) committees of either branch of the Legislature;

(8) county auditors authorized by law; and

(9) the chairman of the governing board of any river authority.

. . . .

(d) The Attorney General is hereby prohibited from giving legal advice or written opinions to any other than the officers or persons named herein.

It has long been the policy of the attorney general's office to accept requests submitted by the secretary, the executive director, or the executive secretary of a board on behalf of the particular board, but the request should reflect that the board desires the opinion. See Opinion Request Procedures published in the Digest of Opinions of the Attorney General of Texas (1970-1981).

## S U M M A R Y

A person appointed to the merit system position of agency administrator of the Texas Employment Commission is authorized to perform the day-to-day administrative functions of the agency, while the members of the Texas Employment Commission retain final responsibility for the administration of the Texas Unemployment Compensation Act and may take the action necessary or suitable for that function. In order for the agency administrator's signature to be sufficient on a contract of sale or a conveyance of property, legislative authorization would be required for him, rather than the commission, to dispose of the particular property. The Texas Employment Commission is the entity with authority to expend money from the Unemployment Compensation Special Administration Fund. The agency administrator may request written Attorney General Opinions on behalf of the

Texas   Employment   Commission   if   the   request
reflects the desire of the commission for such an
opinion.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton