Honorable William L. Ferguson County District Attorney Rusk County Courthouse Henderson, Texas 75652
Re: Circumstances under which a county may dispose of abandoned rights-of-way
Dear Mr. Ferguson:
You inform us that in Rusk County several roads have been abandoned by action of the commissioners court. The county clerk does not have any records as to how the rights-of-way for these roads were acquired or established by the county, but these roads were established many years ago. In that regard you ask:
 How can the commissioners court of a county dispose of abandoned rights-of-way when there is no record showing the method of acquisition of such rights-of-way?
A county commissioners court has only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state. See Tex. Const. art. V, § 18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Thus, the commissioners court can dispose of abandoned right-of-way property only where there is statutory or constitutional authorization to do so. Id.
Article 1577, V.T.C.S., provides a statutory procedure authorizing a county commissioners court to dispose of real estate. County roads and rights-of-way are interests in land. See Anderson v. Tall Timbers Corp., 378 S.W.2d 16 (Tex. 1964). The statute specifically authorizes a commissioners court to dispose of abandoned "highway right-of-way property." V.T.C.S. art. 1577. It has been held that a conveyance or disposition of land owned by the county made in any mode other than prescribed by article 1577, V.T.C.S., is void. See Wilson v. County of Calhoun,489 S.W.2d 393 (Tex.Civ.App.-Corpus Christi 1972, writ ref'd n.r.e.). Moreover, a commissioners court has not been given the authority to donate any county-owned property to private individuals or corporations. See Conley v. Daughters of the Republic,156 S.W. 197 (Tex. 1913); Attorney General Opinion MW-62 (1979). Also, owners of lands surrounding a road or right-of-way cannot claim title to them by adverse possession unless the road has been abandoned in compliance with section 2.008 of article 6702-1, V.T.C.S. Cf. V.T.C.S. art. 5517; Attorney General Opinion H-111 (1973) (discussing predecessor statute V.T.C.S. art. 6703a).
You indicated that there are no records showing the method of acquisition of the now abandoned right-of-way property. The scheme outlined in article 1577, V.T.C.S., makes provisions for the disposition of right-of-way property even if there are no official records of how the property was acquired. The prerequisite for the application of article 1577, V.T.C.S., is that the property is owned by the county at the time of its disposition. Accordingly, the commissioners court may dispose of the abandoned roads or rights-of-way only in the method outlined in article 1577, V.T.C.S.
 SUMMARY
Once a county commissioners court has abandoned a road or right-of-way in compliance with article 6702-1, section 2.008, V.T.C.S., the court is authorized to dispose of the roads only in compliance with article 1577, V.T.C.S., regardless of the method of acquisition.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tony Guillory Assistant Attorney General