

# The Attorney General of Texas

June 11, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William L. Ferguson
County & District Attorney
Rusk County Courthouse
Henderson, Texas    75652

Opinion No. JM-332

Re:  Circumstances under which a
county may dispose of abandoned
rights-of-way

Dear Mr. Ferguson:

You inform us that in Rusk County several roads have been abandoned by action of the commissioners court. The county clerk does not have any records as to how the rights-of-way for these roads were acquired or established by the county, but these roads were established many years ago. In that regard you ask:

> How can the commissioners court of a county dispose of abandoned rights-of-way when there is no record showing the method of acquisition of such rights-of-way?

A county commissioners court has only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Thus, the commissioners court can dispose of abandoned right-of-way property only where there is statutory or constitutional authorization to do so. Id.

Article 1577, V.T.C.S., provides a statutory procedure authorizing a county commissioners court to dispose of real estate. County roads and rights-of-way are interests in land. See Anderson v. Tall Timbers Corp., 378 S.W.2d 16 (Tex. 1964). The statute specifically authorizes a commissioners court to dispose of abandoned "highway right-of-way property." V.T.C.S. art. 1577. It has been held that a conveyance or disposition of land owned by the county made in any mode other than prescribed by article 1577, V.T.C.S., is void. See Wilson v. County of Calhoun, 489 S.W.2d 393 (Tex. Civ. App. – Corpus Christi 1972, writ ref'd n.r.e.). Moreover, a commissioners court has not been given the authority to donate any county-owned property to private individuals or corporations. See Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913); Attorney General Opinion MW-62 (1979). Also, owners of lands surrounding a road or right-of-way cannot claim title to them by adverse possession unless the road has been abandoned in compliance with section 2.008 of

article 6702-1, V.T.C.S. Cf. V.T.C.S. art. 5517; Attorney General Opinion H-111 (1973) (discussing predecessor statute V.T.C.S. art. 6703a).

You indicated that there are no records showing the method of acquisition of the now abandoned right-of-way property. The scheme outlined in article 1577, V.T.C.S., makes provisions for the disposition of right-of-way property even if there are no official records of how the property was acquired. The prerequisite for the application of article 1577, V.T.C.S., is that the property is owned by the county at the time of its disposition. Accordingly, the commissioners court may dispose of the abandoned roads or rights-of-way only in the method outlined in article 1577, V.T.C.S.

## SUMMARY

Once a county commissioners court has abandoned a road or right-of-way in compliance with article 6702-1, section 2.008, V.T.C.S., the court is authorized to dispose of the roads only in compliance with article 1577, V.T.C.S., regardless of the method of acquisition.

Very truly yours

**JIM MATTOX**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk