Honorable Jimmy F. Davis County-District Attorney Castro County Courthouse Dimmitt, Texas 79027-2689
Re: Authority of an individual county commissioner to act with regard to road maintenance (RQ-1902)
Dear Mr. Davis:
Your questions concern the authority of a county commissioner to accept donations of material to aid in maintaining county roads. You advise that the Commissioners Court of Castro County has adopted the optional method of commissioners serving as ex officio road commissioners. V.T.C.S. art. 6702-1, §§ 3.001-3.004. You ask:
 (1) May a county commissioner serving as an ex officio road commissioner accept donations of material to aid in maintaining roads in a county or must the acceptance of such material be approved by action of the entire commissioners court?
 (2) May a county commissioner serving as an ex officio road commissioner donate material from his own separate property to aid in maintaining roads in his precinct without the acceptance and approval of the action by the entire commissioners court?
The county commissioners serving as ex officio road commissioners may employ personnel for their precinct subject to commissioners court approval. Id. § 3.003. All road contracts, purchases of road equipment and materials, and employment of personnel are consummated by actions of the commissioners court as a body. Id. § 2.002. While individual commissioners have substantial influence over these matters, they do not have any authority to legally bind the county for the most part. See Attorney General Opinion JM-892 (1988); 36 D. Brooks, County and Special District Law § 40.7 (Texas Practice 1989). A county can act only through its commissioners court, and the individual commissioners have no authority to bind the county by their separate actions or agreements. Wilson v. County of Calhoun, 489 S.W.2d 393, 397
(Tex.Civ.App.-Corpus Christi 1972, writ ref'd n.r.e.). In short, even though each county commissioner is responsible for supervising road work in his precinct and keeping himself informed as to road conditions, he generally has little further authority. The County Road and Bridge Act, V.T.C.S. art. 6702-1, essentially means that county roads are opened, constructed, and maintained by the commissioners court as a whole and not by individual county commissioners. Brooks, supra.
The statutes governing ex officio road commissioners have provided since their enactment that ex officio road commissioners act "under the direction of the commissioners court." Acts 1901, 27th Leg., ch. 114, at 277; Attorney General Opinion JM-801
(1987).
Section 3.103 of article 6702-1 addresses the matter of donations to aid in the building and maintaining of county roads. Section 3.103 provides:
 The commissioners court or road commissioners may accept donations of money, land, labor, equipment, or any other kind of property or material to aid in building or maintaining roads in the county. (Emphasis added.)
Road commissioners are not to be confused with county commissioners. Section 3.101 of article 6702-1 authorizes the commissioners court to employ not more than four road commissioners. Subsection (b)(1) provides that a road commissioner controls all overseers, hands, and machinery and sees that all roads and bridges in his district are kept in good repair.
The provision permitting the acceptance of donations of material to maintain county roads does not provide an exception to the statutory requirement that an ex officio road commissioner acts under the direction of the commissioners court so as to allow him to accept such donations without the court's approval. We perceive no distinction under the scenario in your second question where the commissioner donates material from his own separate property to aid in maintaining roads in his precinct.
 SUMMARY
The acceptance of donations of material to aid in maintaining county roads must be approved by action of the commissioners court. An ex officio road commissioner may not donate material from his own separate property to aid in maintaining roads in his own precinct without approval of the commissioners court.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General