

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 13, 1990

Honorable Jimmy F. Davis
County-District Attorney
Castro County Courthouse
Dimmitt, Texas    79027-2689

Opinion No.   JM-1155

Re:  Authority of an indivi-
dual county commissioner  to
act with regard to road main-
tenance    (RQ-1902)

Dear Mr. Davis:

Your questions concern the  authority of a county  com-
missioner to accept  donations of material  to aid in  main-
taining county  roads.  You  advise that  the  Commissioners
Court of Castro  County has adopted  the optional method  of
commissioners  serving  as  ex officio  road  commissioners.
V.T.C.S. art. 6702-1, §§ 3.001-3.004.   You ask:

> (1)  May a county commissioner serving  as
> an ex officio road commissioner accept  dona-
> tions of material to aid in maintaining roads
> in a county  or must the  acceptance of  such
> material be approved by action of the  entire
> commissioners court?

> (2)  May a county commissioner serving  as
> an  ex officio  road  commissioner  donate
> material from  his own  separate property  to
> aid in  maintaining  roads  in his  precinct
> without the  acceptance and  approval of  the
> action by the entire commissioners court?

The county  commissioners  serving as  ex officio  road
commissioners  may  employ  personnel  for  their  precinct
subject to commissioners court approval.  Id. § 3.003.   All
road contracts, purchases of  road equipment and  materials,
and employment of  personnel are consummated  by actions  of
the commissioners  court as  a  body.  Id. § 2.002.   While
individual commissioners  have  substantial  influence  over
these matters, they  do not  have any  authority to  legally
bind the county  for the  most part.  See Attorney  General
Opinion JM-892  (1988);  36 D. Brooks,  County  and  Special

District Law § 40.7 (Texas Practice 1989). A county can act only through its commissioners court, and the individual commissioners have no authority to bind the county by their separate actions or agreements. Wilson v. County of Calhoun, 489 S.W.2d 393, 397 (Tex. Civ. App. - Corpus Christi 1972, writ ref'd n.r.e.). In short, even though each county commissioner is responsible for supervising road work in his precinct and keeping himself informed as to road conditions, he generally has little further authority. The County Road and Bridge Act, V.T.C.S. art. 6702-1, essenially means that county roads are opened, constructed, and maintained by the commissioners court as a whole and not by individual county commissioners. Brooks, supra.

The statutes governing ex officio road commissioners have provided since their enactment that ex officio road commissioners act "under the direction of the commissioners court." Acts 1901, 27th Leg., ch. 114, at 277; Attorney General Opinion JM-801 (1987).

Section 3.103 of article 6702-1 addresses the matter of donations to aid in the building and maintaining of county roads. Section 3.103 provides:

> The commissioners court or road commissioners may accept donations of money, land, labor, equipment, or any other kind of property or material to aid in building or maintaining roads in the county. (Emphasis added.)

Road commissioners are not to be confused with county commissioners. Section 3.101 of article 6702-1 authorizes the commissioners court to employ not more than four road commissioners. Subsection (b)(1) provides that a road commissioner controls all overseers, hands, and machinery and sees that all roads and bridges in his district are kept in good repair.

The provision permitting the acceptance of donations of material to maintain county roads does not provide an exception to the statutory requirement that an ex officio road commissioner acts under the direction of the commissioners court so as to allow him to accept such donations without the court's approval. We perceive no distinction under the scenario in your second question where the commissioner donates material from his own separate property to aid in maintaining roads in his precinct.

## S U M M A R Y

The acceptance of donations of material to aid in maintaining county roads must be approved by action of the commissioners court. An ex officio road commissioner may not donate material from his own separate property to aid in maintaining roads in his own precinct without approval of the commissioners court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General