OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


January 24, 2000

Mr. Charles W. Heald, P.E.  
Executive Director  
Texas Department of Transportation  
125 East 11th Street  
Austin, Texas 78701-2483

Opinion No. JC-0171

Re: Whether counties may bid on state highway maintenance contracts (RQ-0100-JC)

Dear Mr. Heald:

You ask whether counties may bid on state highway maintenance contracts. Counties have neither express nor implied statutory authority to bid on state highway maintenance contracts; accordingly, they may not do so.

The Texas Transportation Commission (the "Commission") is required to submit for competitive bids any contract to improve a highway that is part of the state highway system. *See* TEX. TRANSP. CODE ANN. § 223.001(1) (Vernon 1999). The "improvement" of a state highway includes construction, reconstruction, maintenance, and making a necessary plan or survey before beginning construction, reconstruction, or maintenance. *Id.* § 221.001(2). Improvements of the state highway system may be made with or without federal aid, *id.* § 221.003, but a highway project that receives federal aid is subject to a federal regulation that bars public agencies from bidding in competition with private contractors. *See* 23 C.F.R. § 635.112(e) (1999). Accordingly, a county may not submit a bid for a state highway maintenance contract funded by federal aid.

We next consider the authority of a commissioners court to bid on a state highway maintenance contract that receives no federal funding. The commissioners court's authority is limited to exercising "such powers and jurisdiction over all county business" as is conferred by the constitution and statutes. TEX. CONST. art. V, § 18(b). Unless the legislature expressly vests contractual authority in another county agent, the commissioners court is the contracting agent of the county. *Anderson v. Wood*, 152 S.W.2d 1084 (Tex. 1941). It is well settled that the authority of the commissioners court to contract in behalf of the county is limited to that conferred either expressly or by necessary implication by the constitution and laws of this state. *Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.) (citing *Childress County v. State*, 92 S.W.2d 1011, 1016 (Tex. 1936); *Wilson v. Calhoun County*, 489 S.W.2d 393, 397 (Tex. Civ. App.–Corpus Christi 1972, writ ref'd n.r.e.)). Section 251.014 of the Transportation Code authorizes a commissioners court to "enter into an agreement with the commission for the county to carry out a project or activity for the improvement of a segment of the state highway system." TEX. TRANSP. CODE ANN. § 251.014(a) (Vernon 1999). This section provides an exception to the general

requirement in section 223.001(1) of the Transportation Code that all contracts for improvement of state highways be submitted for competitive bids. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998) (where general and special provisions cannot be harmonized, special provision prevails as an exception to general provision); Tex. Att'y Gen. Op. No. JC-0037 (1999) at 6 (interlocal contract entered into by school district need not be competitively bid); Tex. Att'y Gen. Op. No. JM-444 (1986) at 2 (general statutes requiring political subdivisions to purchase goods and services through competitive bidding do not apply to purchases from disabled persons made under statutorily-authorized program). Thus, a county has express authority to enter into an agreement with the Texas Transportation Commission to perform highway maintenance on a non-competitive basis.

A county has no express authority to enter into a contract on the basis of competitive bidding, nor do we find any such authority implied from the constitution or laws. This office has held that a county has no authority to submit a bid to a municipality, in competition with private contractors, for the job of paving or maintaining a city street. Tex. Att'y Gen. Op. No. WW-1401 (1962) at 3. The proposal suggested that the county would be "engaging in the road construction business," an activity not authorized by law. *Id.*; *see also* Tex. Att'y Gen. LO-90-022, at 2 (questioning whether a county's purchase of culverts solely to resell them to private persons to generate a profit would constitute county business). The Transportation Code itself reflects the assumption that "competitive bidding" is used to enter into contracts with private entities. Section 223.042 of the Transportation Code provides in part:

> (a) Of the amount spent in a fiscal year by the department for maintenance projects, *the department shall spend not less than 50 percent through contracts awarded by competitive bids.*

> . . . .

> (d) Subsection (a) does not apply unless the department determines that a function of comparable quality and quantity can be purchased or performed at a savings *by using private sector contracts.*

TEX. TRANSP. CODE ANN. § 223.042 (Vernon 1999). This provision equates "contracts awarded by competitive bids" with "private sector contracts."

This office moreover has recognized in decisions of this office construing the "competitive bidding" provision of the Texas Public Information Act, TEX. GOV'T CODE ANN. ch. 552 (Vernon 1994 & Supp. 2000), that governmental entities as a general rule do not engage in competition with private entities. Section 552.104 of the Government Code, which excepts from public disclosure "information that, if released, would give advantage to a competitor or bidder," *id.* § 552.104 (Vernon 1994), helps assure that the competitive bidding process will be truly competitive. Tex. Att'y Gen. ORD-463 (1987) at 2. In Open Records Decision No. 463, this office stated that section 552.104 of the Government Code "may not be claimed to protect a governmental body's 'competitive advantage' because they cannot be regarded as being in competition with private

enterprise." *Id.*; *see also id.* ORD-231 (1979); ORD-153 (1977). While this statement is inapplicable to a governmental body with express statutory or constitutional authority to engage in competition, Tex. Att'y Gen. ORD-593 (1991) at 4, it does apply to governmental entities, such as counties, that lack express authority to compete with private entities.

We conclude on the basis of prior decisions of this office that a county's general contracting authority does not include, by necessary implication from the constitution or laws, the authority to submit a bid on a contract for state highway maintenance. In view of our conclusion, we need not address your question concerning the application to a county of the commission's requirements regarding construction experience, liability insurance, bonding, and indemnification. *But see* Tex. Att'y Gen. Op. No. DM-467 (1998) (addressing questions raised by a county agreement to indemnify a third party).

## S U M M A R Y

A county may not submit a bid on a state highway maintenance contract that the Texas Transportation Commission has put out for competitive bidding, because counties have neither express or implied statutory authority to bid on a state highway maintenance contract. Moreover, a highway project that receives federal aid is subject to a federal regulation codified at 23 C.F.R. § 635.112(e) (1999), which bars public agencies from bidding in competition with private contractors.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee