OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 29, 2002

The Honorable W.C. Kirkendall
District Attorney
25th Judicial District of Texas
113 South River, Suite 205
Seguin, Texas 78155

Opinion No. JC-0568

Re: Whether a county commissioners court may set the daily reimbursement rate of grand jurors' expenses at a rate different from petit jurors' expenses, and related question (RQ-0548-JC)

Dear Mr. Kirkendall:

Section 61.001 of the Government Code requires a county to reimburse "[e]ach grand juror or petit juror in a civil or criminal case in a district court, criminal district court, county court, county court at law, or justice court . . . for travel and other expenses [in] an amount not less than $6 nor more than $50 for each day or fraction of each day served as a juror." TEX. GOV'T CODE ANN. § 61.001(a) (Vernon Supp. 2002). Section 61.001 specifies only one circumstance in which the court may set different reimbursement rates for different categories of jurors: Under subsection (d), a commissioners court may vote to reduce or eliminate the "daily reimbursement" received by jurors who attend court for one day or less and to apply those extra funds to increase the daily reimbursement for longer-term jurors under section 61.001(d). *Id.* § 61.001(d). You ask whether a commissioners court may set the daily reimbursement rate for grand jurors at a rate different from that set for petit jurors.[1] We conclude that a county commissioners court has no authority to set different reimbursement rates for jurors in different categories except as subsection (d) permits. *See* Tex. Att'y Gen. Op. No. JC-0171 (2000) at 1 (stating that county commissioners court may exercise only those powers that constitution and statutes confer upon it, either explicitly or implicitly).

You also ask whether a commissioners court may set different daily reimbursement rates for petit jurors based upon the court in which the juror serves, such as a district court, a county court, or a justice court. *See* Request Letter, *supra* note 1, at 1. Because we find no statutory authority for such a juror-reimbursement differential, we conclude that a commissioners court may not adopt one.

You are concerned that juror-reimbursement differentials based upon distinctions not expressly set out in section 61.001 of the Government Code are unauthorized. You aver that the Guadalupe County Commissioners Court, purportedly acting in accordance with section 61.001 of the Government Code, reimburses "[g]rand jurors . . . more than petit jurors" and "[p]etit jurors in

---

[1]Letter from Honorable W.C. Kirkendall, District Attorney, 25th Judicial District, to Opinion Committee, Office of the Attorney General at 1 (May 7, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

district court and county court . . . at a higher rate than petit jurors in justice court." Request Letter, *supra* note 1, at 1.

Section 61.001 provides in general terms for reimbursing jurors' expenses:

> (a) Each grand juror or petit juror in a civil or criminal case in a district court, criminal district court, county court, county court at law, or justice court is entitled to receive as reimbursement for travel and other expenses an amount not less than $6 nor more than $50 for each day or fraction of each day served as a juror.
>
> . . . .
>
> (c) The commissioners court of each county shall determine annually the daily reimbursement of expenses for jurors. Except as provided by Subsection (d), the reimbursement must be within the minimum and maximum amounts prescribed by this section and paid out of the jury fund of the county. In a specific case, the presiding judge, with the agreement of the parties involved or their attorneys, may increase the daily reimbursement for jurors in that case to an amount not to exceed the maximum amount prescribed by this section. The difference between the usual daily reimbursement and the reimbursement for jurors in a specific case shall be paid, in equal amounts, by the parties involved in the case.
>
> (d) The commissioners court of a county may reduce or eliminate the daily reimbursement prescribed by this section for persons who attend court for only one day or a fraction of one day. The funds retained by a county as a result of reducing or eliminating reimbursement as provided by this subsection may only be used to increase the daily reimbursement prescribed by this section for jurors and for persons who attend court for more than one day.

TEX. GOV'T CODE ANN. § 61.001(a), (c)-(d) (Vernon Supp. 2002).

We conclude that, except as subsection (d) permits, section 61.001 requires a county commissioners court to set the same reimbursement rate for all jurors, regardless of a juror's status as a grand or petit juror or of the court in which the juror serves. A county commissioners court is a court of limited jurisdiction; it may exercise only those powers that the state constitution and statutes confer upon it, either explicitly or implicitly. *See Vinson v. Burgess*, 773 S.W.2d 263, 267 (Tex. 1989) (citing *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948)); *Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.) (citing *Childress County v. State*, 92 S.W.2d 1011, 1016 (Tex. 1936); *Wilson v. County of Calhoun*, 489 S.W.2d 393, 397 (Tex. Civ. App.–Corpus Christi 1972, writ ref'd n.r.e.)). Because section 61.001(a) requires a commissioners

court to set juror reimbursement rates and is silent with respect to whether the rates must be the same for all types of jurors, one might read the statute implicitly to permit a commissioners court to set different reimbursement rates. Nevertheless, we have previously read section 61.001(a) and (c), albeit in response to a different issue, to require that "all jurors who serve during a given year are entitled to the same daily jury fee." Tex. Att'y Gen. LO-97-009, at 2. Moreover, the fact that section 61.001 provides only one circumstance in which different types of jurors may be reimbursed at different rates suggests that the legislature intends subsection (a) to require a single reimbursement rate, except in accordance with subsection (d). Subsection (c) permits a juror in certain cases to receive an increased rate, but the county's contribution remains constant; the parties to the action pay the supplement. *See* TEX. GOV'T CODE ANN. § 61.001(c) (Vernon Supp. 2002).

We answer your questions accordingly. First, a commissioners court may not set the daily reimbursement rate for grand jurors at a rate different from that set for petit jurors. It may be, of course, that grand jurors are more likely to attend court more than one day and that petit jurors are more likely to attend court one day or less, and their reimbursement rates may differ on that basis if the commissioners court has acted in accordance with section 61.001(d). Second, a commissioners court may not set different daily reimbursement rates for petit jurors based upon the court in which they serve. Again, it may be that petit jurors who serve in a district court are more likely than petit jurors who serve in a justice court to attend court more than one day and that therefore a district court juror may receive an increased reimbursement under subsection (d), while a justice court juror may receive a reduced reimbursement or no reimbursement. But the court may not set different reimbursement rates based upon any distinction other than whether the jurors serve one day or more than one day, in accordance with section 61.001(d).

## S U M M A R Y

Section 61.001 of the Government Code requires a county commissioners court to reimburse all jurors at the same rate, except as subsection (d) permits. *See* TEX. GOV'T CODE ANN. § 61.001 (Vernon Supp. 2002). Subsection (d) expressly authorizes a commissioners court to "reduce or eliminate the daily reimbursement" paid to jurors "who attend court for only one day or a fraction of one day" and to use those retained funds to "increase the daily reimbursement . . . for jurors . . . who attend court for more than one day." *Id.* § 61.001(d). Thus, a commissioners court may not set the daily reimbursement rate for grand jurors at a rate different from that set for petit jurors, based upon a juror's status as grand or petit. Similarly, a commissioners court may not set different daily reimbursement rates for petit jurors based upon the court in which a juror serves, *i.e.*, district court, county court, or justice court.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee