## HEARD v. DENMAN.

No. 7461.

Court of Civil Appeals of Texas. Austin.
June 4, 1930.

Rehearing Denied June 18, 1930.

Callaway & Callaway, of Brownwood, for appellant.

Wilkinson & Wilkinson, of Brownwood, for appellee.

BAUGH, J.

Suit by Howard Heard against M. H. Denman, sheriff of Brown county, Tex., to recover the sum of $410 admittedly paid by him to two of appellee's deputies as a bribe to them not to appear as witnesses against Heard in a felony case then pending against him. From a judgment in favor of the sheriff, plaintiff Heard has appealed.

The deputy sheriffs accepted said money after consultation with, and upon the advice of, Sheriff Denman and the district attorney, arrested appellant at the time, turned the money over to appellee, and preferred bribery charges against Heard, which case appears to have been still pending at the time of the trial herein.

Appellant presents several propositions, but we deem it unnecessary to discuss them, because the law is well settled that no legal right arises out of an unlawful act; and no action can be maintained upon a claim arising out of or based upon an illegal act, if plaintiff must rely in any way upon the illegal transaction to make out or establish his case. Dufek v. Harrison County (Tex. Civ. App.) 289 S. W. 741; 1 Tex. Jurisprudence, 629; 1 C. J. 957; 1 R. C. L. 317; and numerous cases there cited and discussed.

In the instant case plaintiff's only cause of action admittedly arose out of his attempt to bribe two witnesses, an offense constituting a felony. It is wholly immaterial that they failed to carry out their agreement. His offense was complete whether they appeared and testified, or failed to appear and testify, against him. P. C. arts. 173, 175. He can assert no cause of action based upon his payment of money, which not only in itself constituted a felony, but which payment was designed to induce those who received it to likewise commit a felony.

The judgment of the trial court is affirmed.

Affirmed.