**Myrtle FRAZIER, Glenn Frazier & Fern Frazier Wilson, Appellants,**

v.

**Don R. WYNN, Appellee.**

**No. 8054.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 2, 1970.

Rehearing Denied Nov. 23, 1970.

J. D. Crow, Canadian, for appellants.

Lemon, Close & Atkinson and Otis C. Shearer, Booker, for appellee.

JOY, Justice.

This is a suit for damages for breach of a farm lease contract. From judgment for appellee-plaintiff below, defendants have appealed.

Plaintiff, Don Wynn's father, Alvy Wynn, had for several years leased a tract of land from defendants comprising approximately 1,100 acres on a year to year oral basis. On April 1, 1966, Alvy Wynn executed a three-year farm lease with Glenn Frazier and his sister, Fern Frazier Wilson, purporting to cover lands owned by Frazier and Wilson, but actually each party owned a one-fourth interest in the lands with a one-half interest being owned by Myrtle Frazier, the mother of the parties. Alvy Wynn had secured a loan from Farmer's Home Administration and in order to secure the loan, Farmer's Home required that a farm lease agreement in writing be secured by Wynn with the lessors agreeing to subordinate any lien or interest they might have or might acquire in livestock or equipment owned or purchased by Alvy Wynn. Alvy Wynn died intestate on July 16, 1966, with no administration had on his estate. Mrs. Alvy Wynn sold cattle jointly owned by the estate and herself in September, 1966, to a partnership entered into between the plaintiff, the son of the deceased Alvy Wynn and Mrs. Wynn, and Otis Wynn, plaintiff's uncle. The following year on April 1, 1967, Otis Wynn paid the cash rental charge called for in the lease of $2,450.00. Certain government farm program payments were due each year to the plaintiff-lessee and as they were received by plaintiff, they were delivered to Otis Wynn who endorsed the checks and deposited them to his own account. Otis Wynn contended that the partnership between himself and plaintiff was terminated in March, 1968. On April 1, 1968, a farm lease agreement was executed between Otis Wynn as lessee and Glenn Frazier, Fern Frazier Wilson and Mrs. Myrtle Frazier as lessors.

Plaintiff contended that the farm lease, secured by inheritance from his father and oral assignment from his mother, was never conveyed to or owned by the partnership as such but was owned individually by plaintiff and used by the partnership in their cattle and farming operation. Otis Wynn contended that he paid the note owed to Farmer's Home by Alvy Wynn for the partnership and received the cattle and the farm lease in consideration therefor. It is not entirely clear from the record whether the note or indebtedness to Farmer's Home was paid in full or not. Plaintiff brought this action against the landowners contending a breach of the original three-year lease contract to his father owned by plaintiff by reason of inheritance and assignment. Judgment for damages in the amount of $6,400.00 was rendered in the trial court for plaintiff and the three landowners brought this appeal.

Defendants' first two points contend error in the trial court's failure to (1) submit an issue to the jury regarding plaintiff's ownership of the lease and (2) submit an issue inquiring as to breach of possession or ouster of plaintiff by defendants. The evidence reflects that plaintiff is the only child of the deceased Alvy Wynn and that the surviving spouse orally assigned any interest she might have had to plaintiff. Mrs. Alvy Wynn executed an affidavit confirming the assignment just prior to the time of the trial. Defendants contend that the fact that no administration was had on the estate of Alvy Wynn re-

quires a determination by the trier of the facts as to the ownership of the lease of plaintiff. We do not agree. The question of ownership of the lease became one of law when facts necessary for that determination were undisputed. Therefore, there was no necessity for the submission of the issue to the jury. Rule 272, Texas Rules of Civil Procedure. A lease contract that is not personal and is capable of being fulfilled by a party's representatives survives the death of the party and is binding upon the representatives. See 36 T.J.2d, Sec. 265, P. 119–20. Here the lease was executed for a period of three years requiring a cash payment on the part of the tenant with nothing contained in the lease making it personal as to any of the parties thereto. Section 160, Texas Probate Code, V.A.T.S., provides that a surviving spouse may dispose of community property for the purposes of paying community debts, without an administration on the estate. The evidence reflects that the lease involved, along with the cattle, were disposed of to pay the major community debt.

██ In reference to the question of ouster or breach of implied covenant of quiet possession by defendants, the defendant Glenn Frazier admitted on deposition that he had been told that the partnership between plaintiff and Otis Wynn had been dissolved prior to the execution of the lease agreement between Otis Wynn and defendants on April 1, 1968. This second lease was for a period of time covering the third or last year of the original Alvy Wynn lease. Plaintiff testified that in March, 1968, he learned through the government A.S.C. offices that Otis Wynn had a lease on the Frazier land. Plaintiff further testified that he called defendant Glenn Frazier on or about March 20, 1968, and was told that the land had been leased to Otis Wynn. Whether or not a lease contract has been breached is a question of law. See Foerster v. Peoples, 362 S.W.2d 918 (Tex.Civ.App., n. w. h.). A lease contract, unless expressly providing to the contrary, carries with it an implied covenant of quiet enjoyment and that covenant is breached upon the leasing of the premises to a third party during the original lease term with entry upon the premises by the third party. Fort Terrett Ranch Co. v. Bell, 275 S.W. 81 (Tex.Civ.App., n. w. h.). When facts are disputed that might constitute an ouster or breach of contract, then those facts are the proper subject of special issues for determination by the trier of the facts. Appellants' request for an issue of ouster or breach of possession being a question of law was properly refused by the trial court.

Appellants' points 3, 4, 5 and 6 are "no evidence" and "great weight" points in reference to Special Issues I and II. Special Issue I inquired whether or not the plaintiff intended to keep all interest in the Frazier lease and Special Issue II inquired whether or not Mrs. Alvy Wynn intended to convey all her interest in the Frazier lease to plaintiff. A careful review of the evidence, in accordance with the rules set out in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), without burdening this opinion with extensive quotes, reveals that there is evidence of probative value on which the jury could find in the affirmative in answer to both issues as they did so find.

██ Defendants by points 6, 7 and 8 assert as error the measure of damages as submitted by the court. The damage issue was submitted upon the loss of the profits or "special damages" theory. Before a party to a lease contract can collect special damages, he must show that they were in contemplation of the parties either (1) at the time of making the contract or (2) at the time of the breach of the contract. Stafford v. Powell, 148 S.W.2d 965 (Tex. Civ.App., n. w. h.); 35 T.J.2d, Sec. 78, P. 56–7. The plaintiff's pleading set forth the specific damages for loss of the profits complained. There was testimony given by the plaintiff and apparently a disinterested witness in regard to the expected weight gain of cattle that might have been grazing upon the pasture land as well as the value

of the wheat that might have been grown on the farm land portion of the lease. The evidence was adequate to sustain the amount of $6,400.00 answered by the jury.

We have reviewed all of the other points raised by the defendants and find them without merit.

The judgment of the trial court is affirmed.