**Melvyn Carson BRUDER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 20255.**

Court of Civil Appeals of Texas, Dallas.

May 16, 1980.

Rehearing Denied June 3, 1980.

George A. Preston, Jackson & Levy, Denton, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

CARVER, Justice.

This case concerns the disposition of money that was used in an attempt to bribe a police officer. The trial court denied recovery of the money to an assignee of the briber. We affirm and hold that the briber's assignee has no claim to the money.

The case was tried on stipulated facts. John Handy Jones paid Richard Sullivan, the Chief of the Addison Police Department, $6,400 in exchange for Sullivan's cooperation in allowing Jones and others to bring marijuana by airplane into the Addison airport without police intervention. Rather than performing the requested service, Sullivan arrested Jones. Jones was tried and convicted on the offense of bribery. The $6,400 had been turned over to the Dallas County District Attorney's office and was introduced as evidence at Jones' trial. Subsequent to his conviction, Jones assigned his asserted right in the money to Melvyn Carson Bruder, appellant. In July 1978, the City of Addison sued the trial judge, the Honorables James B. Zimmerman, to obtain possession and title of the money. In August 1978, both Bruder and the State of Texas, appellee, intervened, each claiming title to and the right of possession in the money. Bruder's claim was based solely on the assignment. The trial court rendered judgment in favor of the State, and only Bruder appeals.

Bruder argues that he had a right to the money but that he was denied recovery because the trial court "forfeited" his right. Bruder points out that the judgment of forfeiture of the trial court is void under Tex. Const. art. II, § 1, and art. I, § 19, and Tex. Penal Code Ann. § 12.01 (Vernon 1974). We do not reach a discussion of the "forfeiture" issue because we find that Bru-

der is barred from establishing any right to the money.

Bruder's claims necessarily rely upon each and every fact set out in the stipulation of facts. In a case substantially identical to the one at bar, *Heard v. Denman*, 29 S.W.2d 824 (Tex.Civ.App.—Austin 1930, no writ), the court said:

[T]he law is well settled that no legal right arises out of an unlawful act; and no action can be maintained upon a claim arising out of or based upon an illegal act, if plaintiff must rely in any way upon the illegal transaction to make out or establish his case.

In the instant case plaintiff's only cause of action admittedly arose out of his attempt to bribe two witnesses, an offense constituting a felony. It is wholly immaterial that they failed to carry out their agreement. His offense was complete whether they appeared and testified, or failed to appear and testify, against him. He can assert no cause of action based upon his payment of money, which not only in itself constituted a felony, but which payment was designed to induce those who received it to likewise commit a felony. [Citations omitted.]

*See also Dufek v. Harrison County*, 289 S.W. 741 (Tex.Civ.App.—Texarkana 1926, no writ); Annot., 60 A.L.R.2d 1273 (1958). Because, under the stipulated facts and the application of *Heard v. Denman*, Jones could assert no claim to the bribe money itself, we hold that Bruder, as Jones' assignee, can make no better claim than his assignor. *See Beavers v. Consolidated Oil Co. of Texas*, 31 S.W.2d 876 (Tex.Civ.App.—Amarillo 1930, writ dism'd).

We do not pass upon any other party's claim, or possible claim, to the funds in question since these issues have not been presented to or argued in this court. Our opinion is limited to the claim of Bruder.

Affirmed.