**Anna Mae JACK d/b/a Ann Jack Real Estate and Medina Lake Recreation Park, Inc., Appellants,**

**v.**

**The STATE of Texas and the Texas Parks and Wildlife Department, Appellees.**

**No. 04–83–00432–CV.**

Court of Appeals of Texas, San Antonio.

May 15, 1985.

Rehearing Denied June 28, 1985.

Paul B. Keller, San Antonio, for appellants.

Eva King Koutzenhiser, Asst. Atty. Gen., Austin, for appellees.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a suit for declaratory judgment and injunctive relief. We affirm.

On October 19, 1971, Bandera County, acting through its then Commissioner's Court and its then County Judge W.O. Hatfield, Jr., leased a 7.248 acre tract of land to appellees, the State of Texas, acting through its Parks and Wildlife Department, for an initial term of twenty-five (25) years for the purpose of appellees constructing, maintaining and operating a public boat ramp and parking area facilities. Subsequently and in furtherance of the lease agreement, appellees entered into an annual "services agreement" with Bandera County wherein appellees agreed to pay Bandera County the sum of $100.00 per quarter for "operation expenses." The last of such "service agreements" was entered into on August 18, 1978, and it is undisputed that appellees paid Bandera County $100.00 per quarter for "operation expenses" from May 31, 1977, through and ending May 31, 1979.

On December 11, 1978, Bandera County, acting through its then Commissioner's Court and its then County Judge, W.O. Hatfield, Jr., entered into a contract with appellant Anna Mae Jack, doing business as Ann Jack Real Estate. Bandera County agreed to lease the tract in question to appellant Jack for a period of twenty years and appellant Jack agreed to construct and operate a recreational area and erect necessary utilities and sanitary facilities for the use and enjoyment of the general public of said tract of land in question and to pay Bandera County one-half of one percent of the gross receipts received by her from the operation and ownership of the leased real estate. On April 9, 1979, an amendment to this contract was executed by Bandera County, acting through its then Commissioner's Court and its then County Judge, Rein J. Vander Zee, to include additional tracts of real property not the subject of this litigation and to require appellant Jack to obtain and maintain liability insurance

for the premises. On April 9, 1979, Bandera County, by and through its then Commissioner's Court and its then County Judge, Rein J. Vander Zee, consented in writing to the assignment of appellant Jack's contract to appellant Medina Lake Recreation Park, Inc., by appellant Jack.

Appellants commenced charging a park entrance fee and since the park entrance was the only access to appellees' public boat launching ramp and public parking facilities, the public was in fact paying a fee for access to and use of appellees' boat launching ramp. Appellees insisted on a free access boat launching ramp and sued appellants seeking a declaration that appellants and Bandera County may not interfere with its lease of the tract in question and for an injunction restraining appellants from charging fees to use the park for launching boats and from otherwise interfering with appellees' use of the tract in question as a place for the public to park and launch a boat without paying a fee. Appellants answered by way of general denial and specifically alleged abandonment, termination of the lease, and failure of consideration. Appellants also filed a cross-action against Bandera County seeking damages for construction of improvements, employees' salaries, loss of revenue and attorney's fees against Bandera County based on fraud, equity and breach of contract.

On March 30, 1981, appellees' motion for summary judgment was denied. In its order, dated October 1, 1981, denying appellees' motion for summary judgment the court found, pursuant to TEX.R.CIV.P. 166-A(d), the following material facts existed without controversy: (1) Bandera County did not comply with TEX.REV.CIV. STAT.ANN. art. 1577 (Vernon Supp.1985), in entering into the contract with appellant Jack; and (2) if the contract with appellant Jack is unenforceable because of Bandera County's failure to comply with article 1577, such lease contract was not and cannot be ratified by Bandera County. The court found that the following material facts were actually and in good faith con-

troverted: (1) whether appellees abandoned their lease with Bandera County; and (2) whether the contract between Bandera County and appellant Jack pertaining to the 7.248 acre tract of land in question provided for a lease of Bandera County's property. Appellants timely filed their objections to the findings of the trial court but the record before us does not show that their motion was ever presented to or acted upon by the trial court.

On April 11, 1983, in a bench trial on appellees' first amended original petition and appellants' first amended answer and cross-action, the court found that appellees were entitled to exclusive possession of the 7.248 acre tract of land in question and entered judgment in favor of appellees enjoining appellants from in any manner interfering with appellees' right to exclusive possession and control of the 7.248 acre tract of land in question; the court also entered a take nothing judgment in favor of Bandera County in appellants' cross-action against Bandera County.

The trial court filed the following findings of fact and conclusions of law:

## I. FINDINGS OF FACT

A. The contract between Defendant County and Defendant Jack dated the 11th day of December, 1978 provided for and effected a grant of an estate in land for a term of years by Defendant County to Defendant Jack and vested Defendant Jack with the right to exclusive possession of the premises.

B. Defendant County failed to comply with the requirements of Article 1577, V.A.C.S., in entering into the contract with Defendant Jack dated the 11th day of December, 1978. (See *Order on Plaintiff's Motion for Summary Judgment* dated October 1, 1981).

## II. CONCLUSIONS OF LAW

A. The contract between Defendant County and Defendant Jack dated the 11th day of December, 1978 constitutes a lease of Defendant County's real property to Defendant Jack. [Citations omitted.]

B. Because of Defendant County's failure to comply with the requirements of Article 1577, V.A.C.S., in entering into such lease with Defendant Jack, the same is void. [Citations omitted.]

C. Being illegal and void, such lease by Defendant County to Defendant Jack could not be ratified by Defendant County, [citations omitted], and Defendant Medina Lake Recreation Park, Inc., acquired nothing under the assignment of same by Defendant Jack. [Citations omitted.]

D. There is no evidence that plaintiffs abandoned their lease dated the 19th day of October, 1971 with Defendant County. [Citations omitted.]

E. If the lease between Plaintiffs and Defendant County dated the 19th day of October, 1971, creates a tenancy at will, there is no evidence that Defendant County terminated the same. [Citations omitted.]

F. If the lease between Plaintiffs and Defendant County dated the 19th day of October, 1971, creates a tenancy at will, there is no evidence that Plaintiffs terminated the same. [Citations omitted.]

G. Defendant County breached its lease to Plaintiffs by leasing the premises to Defendant Jack during the rental period and permitting Defendant Jack to take possession and control of the premises. [Citations omitted.]

H. If Plaintiffs' failure to enter into and make payments under Services Agreements subsequent to 1978 constituted a breach by Plaintiffs of their lease with Defendant County, such breach is excused by Defendant County's breach in leasing the premises to Defendant Jack on the 11th day of December, 1978. [Citations omitted.]

I. If Plaintiffs' failure to enter into and make payments under Services Agreements subsequent to 1978 constituted a breach by Plaintiffs of their lease with Defendant County, there is no evidence that Defendant County made de-

mand upon Plaintiffs to execute and perform Services Agreements subsequent to 1978, and, consequently, Defendant County was not entitled to forfeit its lease with Plaintiffs because of such breach. [Citations omitted.]

J. Because the lease by Defendant County to Defendant Jack was entered into in violation of article 1577, V.A.C.S., the same is illegal and unenforceable by Defendant Jack and her assignee Defendant Medina Lake Recreation Park, Inc. [Citations omitted.]

In this appeal, appellants present us with nine points of error, all of which complain of the court's findings of fact and conclusions of law with the exception of findings of fact "A" declaring that the contract between Bandera County and appellant Jack granted an estate in appellant Jack for a term of years and vested appellant Jack with the right to exclusive possession of the tract of land in question.

The trial court concluded that the lease between Bandera County and appellant Jack was void, could not be ratified and was unenforceable by appellant Medina Lake Recreation Park, Inc., because it was illegal. Appellants assert, and correctly so, that these conclusions are predicated upon the trial court's finding of fact "B", i.e., that Bandera County failed to comply with the requirements of article 1577. Appellants contend in point of error number four that there is no evidence in the record to support such a finding. We disagree with appellants.

■ As stated earlier in this opinion, the order of the trial court denying appellees' motion for summary judgment recites, among other things, that the trial court found, pursuant to TEX.R.CIV.P. 166–A(d), that it was undisputed that Bandera County did not comply with the requirements of article 1577 in entering into the contract with appellant Jack. The record reflects that appellants objected to this finding by a timely filed motion but there is nothing in the record to indicate that this motion was ever presented to or acted upon by the trial court. Rule 166–A(d) clearly states,

"[u]pon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly...." Therefore, appellants' failure to obtain a ruling on their exception to such findings, established such findings as if they were stipulations agreed to by all parties which required no extrinsic evidence at trial. Appellants' point of error four is without merit and is overruled.

Having found that there is evidence of probative force to uphold the court's finding of Bandera County's non-compliance with article 1577 in the execution of its contract with appellant Jack, we now turn to the issues raised by appellants' points of error numbers one, two, and three, i.e., whether the contract is void, whether it could be ratified by Bandera County and whether it was enforceable by the assignee, appellant Medina Lake Recreation Park, Inc. First, however, we must determine whether the contract between Bandera County and appellant Jack is a "lease."

■ It is well settled that a trial court's findings of fact which are not challenged by any of appellants' points of error constitute undisputed facts and are conclusive and binding on appellants as well as this court. *Whitten v. Alling & Cory Co.*, 526 S.W.2d 245, 248 (Tex.Civ.App.—Tyler 1975, writ ref'd); *Curtis v. National Cash Register Co.*, 429 S.W.2d 909, 911 (Tex.Civ. App.—Amarillo 1968, writ ref'd n.r.e.). In this appeal, appellants have failed to challenge in any manner finding of fact "A" of the trial court. Accordingly, we must determine whether the contract between Bandera County and appellant Jack is a "lease" bound solely by the unchallenged findings that "[t]he contract ... provided for and effected a grant of an estate in land for a term of years by Defendant County to Defendant Jack and vested Defendant Jack with the right to exclusive possession of the premises." Based on these facts we conclude that it is a "lease." A "lease" is a grant or devise of realty, usually for a term of years, and must be executed in the essential prerequisites of a deed. *Scroggins v. Roper*, 548 S.W.2d 779,

780 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Caples v. Dearborn Stove Co.,* 231 S.W.2d 669, 673 (Tex.Civ.App.—Dallas 1950), *reversed on other grounds,* 149 Tex. 563, 236 S.W.2d 486 (1951). Accordingly, we hold that the trial court correctly concluded that as a matter of law the contract between Bandera County and appellant Jack dated December 11, 1978, constitutes a lease of Bandera County's real property to appellant Jack.

We will now address the issues of voidness, ratification and assignment.

■■■■ It is well settled that a county can act only through its Commissioner's Court and the authority of the Commissioner's Court as the governing body of the county to make contracts in behalf of the county is limited to that conferred either expressly or by necessary implication by the constitution and laws of this state. *Childress County v. State,* 127 Tex. 343, 352, 92 S.W.2d 1011, 1016 (1936); *Wilson v. County of Calhoun,* 489 S.W.2d 393, 397 (Tex. Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). The manner by which a county can convey land to an individual is prescribed by article 1577. *Wilson,* 489 S.W.2d at 397. Under the provisions of article 1577, the Commissioner's Court may appoint a commissioner to sell or lease any real estate owned by the county at public auction; notice of such sale or lease must be advertised by publication at least twenty days before the date of sale or lease, once a week for three consecutive weeks, in a newspaper in the county where the real estate is located and in the county owning the real estate if the two are not the same. Although article 1577 is merely permissive in its terms, its provisions form the only mode by which a county can dispose of its real property, *Ferguson v. Halsell,* 47 Tex. 421, 422 (1877), and a conveyance of land made by a county in any mode other than that prescribed by statute is void. *Wilson,* 489 S.W.2d at 397. Having determined that the contract between Bandera County and appellant Jack is a "lease" and that Bandera County did not comply with the provisions of article 1577, we hold that the

trial court was correct in its conclusion of law "B" that the same is void.

■■■■ Ratification may not be used to justify the making of an illegal contract. A contract which is made in violation of a statute is illegal and void and therefore not subject to ratification. *Mayfield v. Troutman,* 613 S.W.2d 339, 344 (Tex.Civ.App.— Tyler 1981, writ ref'd n.r.e.). We, therefore, further hold that the trial court did not err in concluding in its conclusion of law "C" that the void and illegal lease between Bandera County and appellant Jack could not be ratified by Bandera County and in its conclusion of law "J" that the contract between Bandera County and appellant Jack not being in compliance with article 1577 is illegal and unenforceable by appellant Jack and its assignee appellant Medina Lake Recreation Park, Inc.

■■■■ The law presumes that appellant Jack knew the contract with Bandera County was in violation of the law. It follows that appellant Medina Lake Recreation Park, Inc., acquired no other or higher right therein than its assignor, appellant Jack. *See Bruder v. State,* 601 S.W.2d 102, 103 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), *cert. denied,* 452 U.S. 940, 101 S.Ct. 3084, 69 L.Ed.2d 954 (1981); *Beavers v. Consolidated Oil Co. of Texas,* 31 S.W.2d 876, 878 (Tex.Civ.App.—Amarillo 1930, writ dism'd). Accordingly, we hold that the trial court was correct in its conclusion of law "C" that appellant Medina Lake Recreation Park, Inc., acquired nothing under the assignment of the lease contract by appellant Jack. Appellants' points of error one, two and three are overruled.

In its conclusion of law "D" the trial court concluded that there is no evidence that appellees abandoned their lease with Bandera County. Appellants contend in point of error number five that the evidence clearly establishes the contrary as a matter of law. We disagree with appellants.

■■■■ Appellants argue that the appellees abandoned and breached their lease with Bandera County because appellees re-

fused to correct problems of people congregating on the boat ramp and vandalism at the boat ramp; that appellees' insistence on a free access boat launching ramp, created an impossible situation for Bandera County. We cannot conclude that this is sufficient evidence that appellees abandoned or breached the lease with Bandera County to maintain and operate the boat ramp as provided by the lease agreement. The undisputed testimony of Judge Hatfield clearly established that appellees were in compliance with the terms of the lease. Additionally, Judge Hatfield testified that Bandera County never made a demand on appellees about these matters. A review of the lease clearly shows that it does not contain an express waiver of demand. Accordingly, Bandera County could not terminate the lease for breach of covenant without first making a demand upon appellees for performance. *See McVea v. Verkins*, 587 S.W.2d 526, 531 (Tex.Civ.App.—Corpus Christi 1979, no writ).

In point of error number six, appellants complain of the court's conclusion of law "G" that Bandera County breached its lease with appellees by leasing the premises to appellant Jack. Appellants contend that Bandera County, in entering into the lease contract with appellant Jack, relied on assertions by appellees' employee, T.M. Beall, that Bandera County could allow a concessionaire on the park premises and that an entrance fee could be charged for the use of improvements; that Bandera County further relied on the "services agreement" which provided that Bandera County could subcontract for such services and obligations as necessary.

■ In regard to appellees' employee consenting to a concessionaire, there is no evidence that it was in writing and that the employee had the authority to forfeit the lease. The mere consent to a concessionaire cannot be concluded to be sufficient to forfeit the lease between appellees and Bandera County.

■ In regard to the "services agreement" and the provisions therein, we cannot conclude that Bandera County's exercise of its authority under said agreement to subcontract maintenance services when necessary to be permission or authority for Bandera County to relet the premises to appellant Jack while the original lease between Bandera County and appellees still was in effect. It is noted that these two incidents occurred months after Bandera County wrongfully leased the same premises to appellant Jack.

■ The leasing of the premises to appellant Jack and the entry thereon by appellant Jack during the original lease term of appellees lease constituted a breach by Bandera County of that implied covenant of quiet possession and enjoyment by appellees under their lease with Bandera County. Whether a lease contract has been breached is a question of law. *Frazier v. Wynn*, 459 S.W.2d 895, 897 (Tex.Civ.App.—Amarillo 1970), *reversed on other grounds*, 472 S.W.2d 750 (Tex.1971). We, therefore, conclude that the trial court was correct in its conclusion of law "G" that Bandera County breached its lease to appellees by leasing the premises to appellant Jack during the original rental period and permitting appellant Jack to take possession and control of the premises. *See id.*

Another argument presented by appellant Jack is her contention that appellees' lease was terminated by either appellees or Bandera County because appellees ceased payments under the "services agreement," and because Bandera County refused to enter into a subsequent "services agreement."

■ We note from the record that these two incidents occurred after the lease between Bandera County and appellant Jack was executed, which lease we have held to be void and which lease we have held to be a breach by Bandera County of its lease with appellees. It is fundamental that when one party to a contract repudiates or commits a material breach of that contract, the other party is discharged or excused from his obligation to perform. *Mead v. Johnson Group, Inc.*, 615 S.W.2d

685, 689 (Tex.1981); *Glass v. Anderson,* 596 S.W.2d 507, 511 (Tex.1980); *Corso v. Carr,* 634 S.W.2d 804, 808 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Accordingly, appellees' failure to continue payments under the "services agreement" was excusable and cannot be considered as a termination or breach of the lease with Bandera County. Bandera County's refusal to provide a subsequent service agreement had nothing to do with Bandera County's capacity as lessor under the lease agreement with appellees. Bandera County did not act in its capacity as lessor under the "services agreement," it merely acted as a contractor for services with appellees. Therefore, we hold that Bandera County's refusal to enter into subsequent "services agreements" with appellees is not a termination of their lease. Appellants' points of error five, six, eight and nine are overruled.

Appellants' point of error seven is directed to the trial court's conclusions "E" and "F" which concern the lack of termination of the lease between Bandera County and appellees if the lease is a tenancy at will. We conclude that under the terms of the lease it is not a tenancy at will as it was not terminable by either party at will. Accordingly, appellants' point of error number seven is overruled.

The judgment of the trial court is affirmed.