OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

December 20, 2001

The Honorable Tully Shahan
Kinney County Attorney
P.O. Box 365
Brackettville, Texas 78832-0365

Opinion No. JC-0444

Re: Whether Kinney County is authorized to pay for the confirmation election for the Kinney County Groundwater Conservation District (RQ-0456-JC)

Dear Mr. Shahan:

You ask whether Kinney County (the "County") is authorized to pay for the confirmation election for the Kinney County Groundwater Conservation District (the "District").[1] You are particularly concerned that such an expenditure might violate article III, section 52 and article V, section 18 of the Texas Constitution. Because the statute authorizing the creation of the District and other statutes contemplate that the County will conduct the election for the District by contract for monetary consideration, we conclude that the County lacks statutory authority to pay for the confirmation election and do not reach the constitutional issues raised by your request.

You explain that during the last legislative session, the legislature enacted House Bill 3243 creating the District under article XVI, section 59 of the Texas Constitution. *See* Act of May 25, 2001, 77th Leg., R.S., ch. 1344, 2001 Tex. Sess. Law Serv. 3155. This bill provides for the appointment by the Kinney County Commissioners Court of a board of temporary directors who will serve "until initial directors are elected under Section 9 of this Act." *Id.* § 6, at 3156. You inform us that the temporary directors of the District have met and set the confirmation election for January 12, 2002. *See* Request Letter, *supra* note 1, at 1. The District has "asked for a donation from Kinney County to help fund the election." Brief attached to Request Letter, *supra* note 1, at 1. You ask whether the County may pay for the election "if the Commissioners Court found the expenditure to be for a public purpose" under article III, section 52 of the Texas Constitution. *Id.* You also ask if such an expenditure would be consistent with article V, section 18, which limits the authority of a commissioners court to "county business." *Id.* at 3-4.

---

[1]Letter and Brief from Honorable Tully Shahan, Kinney County Attorney, to Susan D. Gusky, Chair, Opinion Committee (Oct. 24, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

A county commissioners court may exercise only those powers that the state constitution and statutes confer upon it. *See* Tex. Att'y Gen. Op. No. JC-0171 (2000). Particularly with respect to contracts, courts have held that the authority of a commissioners court to make contracts on behalf of the county is limited to that conferred either expressly or by necessary implication by the constitution and laws of the state. *See, e.g., Childress County v. State,* 92 S.W.2d 1011, 1016 (Tex. 1936); *Jack v. State,* 694 S.W.2d 391, 397 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.). Before determining whether a particular county act runs afoul of constitutional limitations on county authority in provisions such as article III, section 52 or article V, section 18, we must first determine whether the legislature has authorized the County to pay for the District's confirmation election. We conclude that the legislature has vested the duty to contract and pay for election services in the District itself and that the legislature has not authorized the County to undertake this expense.

The District is governed both by House Bill 3243 and chapter 36 of the Water Code, the general law provision governing groundwater conservation districts. *See* Act of May 25, 2001, 77th Leg., R.S., ch. 1344, § 5, 2001 Tex. Sess. Law Serv. 3155, 3156. Section 9 of House Bill 3243 provides that the temporary board of directors "shall call and hold an election to confirm establishment of the district and to elect initial directors." *Id.* § 9(a), at 3157. The election is governed by both House Bill 3243 and section 36.017 of the Water Code. *See id.* § 9(e). House Bill 3243 expressly directs that the county clerk will conduct the election pursuant to contract: "The district shall contract with the county clerk of Kinney County to conduct the confirmation and initial directors' election and future elections of the district." *Id.* § 9(b).

Provisions of the Election Code govern contracts for election services, such as the contract contemplated by House Bill 3243. *See* TEX. ELEC. CODE ANN. ch. 31, subch. D (contracts for election services) (Vernon 1986 & Supp. 2001). The Election Code provides that a county election officer, such as a county clerk, who conducts an election for another entity will be paid by the contracting authority for the county's services. *See id.* § 31.093(a) ("If requested to do so by a political subdivision or political party, the county elections administrator shall enter into a contract to furnish the election services requested, *in accordance with a cost schedule agreed on by the contracting parties.*") (Vernon 1986) (emphasis added).

We also note that chapter 36 of the Water Code authorizes a groundwater conservation district to pay costs incurred in its creation and organization and to reimburse any person who has advanced money for these purposes. *See* TEX. WATER CODE ANN. § 36.157 (Vernon 2000); *see also id.* § 36.017(h) (expressly providing that a district that is not confirmed by the voters "shall have no further authority, except that any debts incurred shall be paid and the organization of the district shall be maintained until all the debts are paid"). Thus, the Water Code contemplates that a groundwater conservation district will pay for its organizational expenses.

In addition, section 1.014(a) of the Election Code provides that "[e]xcept as otherwise authorized by law, the expenses incurred in the conduct of a general or special election shall be paid by the political subdivision served by the authority ordering the election." TEX. ELEC. CODE ANN. § 1.014(a) (Vernon 1986); *see also id.* § 1.005(18) (defining "special election") (Vernon 2001). In this case, the District's board of temporary directors is the authority ordering the confirmation

election. *See* Act of May 25, 2001, 77th Leg., R.S., ch. 1344, § 9(a), Tex. Sess. Law Serv. 3155, 3157. The board serves the District. The legislature has not "otherwise authorized by law" some entity other than the District to pay for the election. *See* TEX. ELEC. CODE ANN. § 1.014(a) (Vernon 1986). Accordingly, the District must pay for the election; the County lacks the authority to do so.

In sum, the legislature has provided in House Bill 3243, the Water Code, and the Election Code that the District will contract with the County for election services and pay for election expenses and, moreover, that the County will provide these services by contract for monetary consideration. Given this express statutory scheme, Kinney County lacks express or implied statutory authority to pay for the confirmation election for the Kinney County Groundwater Conservation District. The County may not make a donation or grant to the District for that purpose.

## S U M M A R Y

Kinney County is not authorized to pay for the confirmation election for the Kinney County Groundwater Conservation District and may not make a donation or grant to the District for that purpose.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee