ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 27, 2004

The Honorable Matt Bingham
Smith County Interim Criminal District Attorney
100 North Broadway, 4th Floor
Tyler, Texas 75702

Opinion No. GA-0158

Re: Whether a county may place on county-owned vehicles a decal, trademark, or logo advertising a private business in exchange for money from the business (RQ-0095-GA)

Dear Mr. Bingham:

On behalf of Smith County (the "County"), your predecessor asked whether a county may place on a county-owned vehicle a decal, trademark, or logo advertising a private business in exchange for money from the business.[1] He explained that the County Sheriff has proposed a policy under which the County would accept money from private businesses to purchase law enforcement vehicles in exchange for placing advertisements for those businesses on certain external areas of the vehicles. *See* Request Letter, *supra* note 1, at 1.

> Under [the] program, once a local business makes a donation for the purchase of a "Police Package Vehicle" for the use of the Sheriff's Office, [the] County would purchase a vehicle according to the normal bidding process for county purchases. The County would then imprint the business' decal, logo, or trademark on the vehicle for a period not less than three years. At the end of the three year period, [the] County would be free to remove the advertisements with no further obligations to the donor. However, should the vehicle be wrecked or otherwise taken out of service prior to the expiration of the three year period, [the] County would be obligated to identically mark a replacement vehicle for the remainder of the three year period.

*Id.* According to the request letter, the sheriff's office would have the authority to approve the form and substance of all advertisements, and the County would adopt a policy limiting the size and placement of the advertisements. *See id.* at 2. Advertisements could be placed on only three locations on the vehicle—one on each rear quarter panel and one on the rear trunk lid—and the size

---

[1]*See* Letter from Honorable Jack Skeen, Jr., Smith County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 15, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

of the ads would be strictly limited. *See id.* at 1-2. No more than one advertisement would be allowed per location, but there might be an advertisement on each location. *See id.* at 2. "[T]he advertisements would not be allowed to cover, obliterate, or conceal any law enforcement markings on the vehicle." *Id.* at 2.

At some points, the request letter refers to the money that would be received from a private business as a donation, *see id.* at 1, and at other points, the request letter suggests that the money would be a lease payment, *see id.* at 3. This office cannot determine the precise nature of the transaction because of the fact issues involved. *See* Tex. Att'y Gen. Op. Nos. GA-0078 (2003) at 2 (stating that this office does not construe particular contracts), JC-0443 (2001) at 1 (stating that whether a particular donation is in fact a refund is a fact question that an opinion cannot resolve); *see also Bullock v. Citizens Nat'l Bank*, 663 S.W.2d 923, 924 (Tex. App.–Austin 1984, no writ) (stating that a court must examine all the facts to ascertain whether a particular transaction is a sale or a lease). Nevertheless, "a donation is nothing more nor less than a gratuity—that which is bestowed without receipt or expectation of anything in return"—it is not something "yielded up pursuant to contract and in return for a valuable consideration." *Barrington v. Cokinos*, 339 S.W.2d 330, 334 (Tex. Civ. App.–Beaumont), *aff'd*, 338 S.W.2d 133, 141 (Tex. 1960).

Section 721.004 of the Transportation Code requires a county to print the county's name on its motor vehicles:

> (a) The office having control of a motor vehicle or piece of heavy equipment owned by a . . . county shall have printed on each side of the vehicle or equipment the name of the . . . county, followed by the title of the department or office having custody of the vehicle or equipment.
>
> (b) The inscription must be in a color sufficiently different from the body of the vehicle or equipment so that the lettering is plainly legible.
>
> (c) The title of the department or office must be in letters plainly legible at a distance of not less than 100 feet.

TEX. TRANSP. CODE ANN. § 721.004 (Vernon 1999). A county commissioners court may exempt from these requirements "an automobile when used to perform an official duty by a . . . sheriff's office," *id.* § 721.005(b)(1)(B) (Vernon Supp. 2004), an exemption that was apparently intended not to permit a sheriff to print more information on the vehicles, but to permit a sheriff's department to use unmarked vehicles. *See* Act of May 11, 1959, 56th Leg., R.S., ch. 235, § 1, 1959 Tex. Gen. Laws 531, 532 ("Provided . . . that the provisions of this Section shall not apply to automobiles used by . . . sheriffs' departments, which shall be unmarked at the discretion of the sheriff . . . .").

Attorney General Letter Opinion 97-112 construed section 721.004 to provide an exclusive list of the information that a county could print on its vehicles. *See* Tex. Att'y Gen. LO-97-112, at

1-2. The requestor asked whether a county vehicle could be inscribed with an elected official's name. *See id.* at 1. Reasoning that "effect and meaning [must] be given to [a statute's] every sentence, clause, phrase, and word" and that section 721.004 "does not specifically permit the inscription of an elected county official's name on a county-owned vehicle," the opinion concluded that "there is no authority to inscribe a county official[']s name on the vehicle." *Id.* at 1-2. The opinion thereby construed section 721.004(a) to provide that a county must print "on each side of" a county-owned vehicle *only* "the name of the . . . county, followed by the title of the department or office having custody of the vehicle." *Id.*; *see* TEX. TRANSP. CODE ANN. § 721.004(a) (Vernon 1999).

Your predecessor suggested that Letter Opinion 97-112 incorrectly construes section 721.004. *See* Request Letter, *supra* note 1, at 2. He proposed, instead, that section 721.004 sets "minimum standards for identification of county vehicles" and does not provide an "exhaustive list." *Id.* at 3. Despite the letter opinion's conclusion, your predecessor stated, "county law enforcement and emergency vehicles routinely include such items as 911 emergency emblems, crime stoppers decals, and vehicle numbers on the vehicles." *Id.* Moreover, although section 721.002 of the Transportation Code similarly requires state-owned motor vehicles to "have printed on each side . . . the word 'Texas,' followed by the title of the state agency having custody of the vehicle," TEX. TRANSP. CODE ANN. § 721.002(a) (Vernon 1999), your predecessor stated that the phrase "State Trooper" is printed on each side and the rear trunk portions of Texas Department of Public Safety vehicles. *See* Request Letter, *supra* note 1, at 3.

In our opinion, Letter Opinion 97-112 incorrectly concludes that section 721.004 provides an exclusive list of the items that may be printed on a county-owned vehicle. The section does not, on its face, indicate that it is exclusive. *See* TEX. TRANSP. CODE ANN. § 721.004 (Vernon 1999). While it is true that a court must give "effect and meaning . . . to [a statute's] every sentence, clause, phrase, and word," it is also true that a court must presume that "every word excluded from a statute" was "excluded for a purpose." *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). Consequently, a court should insert additional words into a statute "[o]nly when it is necessary to give effect to the clear legislative intent." *Office of the Attorney Gen. v. Lee*, 92 S.W.3d 526, 529 (Tex. 2002) (quoting *Cameron*, 618 S.W.2d at 540). We believe the legislature intended section 721.004 to ensure that a county-owned vehicle generally is identifiable as such, but the legislature did not intend to exclusively list what a county could print on its car. The act by which the legislature originally adopted the substance of section 721.004 indicates that the legislature was concerned about insufficiently marked county-owned vehicles that members of the public could not identify as county-owned. *See* Act of May 11, 1959, 56th Leg., R.S., ch. 235, § 2, 1959 Tex. Gen. Laws 531, 532 ("The fact that there is no present provision compelling identification of . . . county-owned vehicles as there is for state-owned vehicles creates an emergency . . . ."). The substance of section 721.002, which provides for inscriptions on state-owned vehicles, was similarly adopted so that members of the public could identify the cars: "The fact that motor vehicles owned by the State of Texas are being driven upon the streets of towns and cities and upon public highways with inscriptions so nearly the color of the body of the car that such inscriptions are visible for a very short distance creates an emergency . . . ." *See* Act approved May 26, 1931, 42d Leg., R.S., ch. 219, § 2, 1931 Tex. Gen. Laws 373, 373. Because inserting the word "only" is not necessary to effectuate

a clear legislative intent, Attorney General Letter Opinion 97-112 incorrectly construes the statute, and we overrule this construction. We need not revisit here, however, the opinion's ultimate conclusion: "An elected official may not inscribe his or her name on a county-owned motor vehicle." Tex. Att'y Gen. LO-97-112, at 2 (Summary).

Accordingly, section 721.004 lists the minimum types of identifying marks that must be printed on a county-owned vehicle that is not exempt under section 721.005, but it does not provide an exclusive list. Other marks may be placed on the vehicles, but if the other marks obscure the identifying marks or make identification difficult for the public, section 721.004's intent has been violated. Thus, nonrequired inscriptions may not obscure the identifying marks required by section 721.004 or make the vehicle's county-owned status difficult to ascertain.

Moreover, the commissioners court exercises ultimate authority over the content, design, or placement of any particular decal. The sheriff's vehicles belong to the county, which acts through its commissioners court. *See Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JC-0214 (2000) at 5.

Nevertheless, we conclude that a county may not place on a county-owned vehicle an advertisement for a private business. Texas law is well-established on this point: A commissioners court's authority is limited to those powers conferred either expressly or by necessary implication from the constitution and laws of this state. *See Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993) (citing *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948)); Tex. Att'y Gen. Op. No. GA-0085 (2003) at 2 (quoting *Guynes*, 861 S.W.2d at 863); *see also* TEX. CONST. art. V, § 18(b); *Jack*, 694 S.W.2d at 397 (citing *Childress County v. State*, 92 S.W.2d 1011, 1016 (Tex. 1936); *Wilson v. Calhoun County*, 489 S.W.2d 393, 397 (Tex. Civ. App.–Corpus Christi 1972, writ ref'd. n.r.e.)). A county's authority to convey its property, by sale, lease, or exchange, is strictly circumscribed by statute. Chapter 263 of the Local Government Code provides generally for a county's sale or lease of property. TEX. LOC. GOV'T CODE ANN. ch. 263 (Vernon 1999 & Supp. 2004). A county has specific general authority to sell or lease its real property (1) at a public auction, *see id.* § 263.001(a) (Vernon 1999); (2) through a sealed-bid procedure, *see id.* § 263.007(a), (f) (Vernon Supp. 2004); or (3) under a contract with a broker, *see id.* § 263.008(b). Conveyances of certain types of real property must occur in accordance with particular statutes, however. For example, a county's sale or lease of abandoned seawall or highway property must comply with section 263.002 of the Local Government Code, and airport land must be leased in compliance with section 263.051. *See id.* §§ 263.002, .051 (Vernon 1999); *see also* TEX. GOV'T CODE ANN. §§ 1477.070(a), .119 (Vernon 2000) (authorizing a county to "sell, deliver, and distribute" certain water or natural gas to a municipality, political subdivision, or private entity). A county may sell, exchange, destroy, or donate its salvage or surplus property only in accordance with chapter 263, subchapter D of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 263.152(a) (Vernon Supp. 2004). But no statute authorizes a county to lease its personal property. We must consequently conclude that a county has no authority to place decals advertising private businesses on county-owned vehicles in exchange for a payment from the business.

## S U M M A R Y

Section 721.004 of the Transportation Code provides a list of the minimum types of identifying marks that must be printed on a nonexempt county-owned vehicle. Attorney General Letter Opinion 97-112's construction of section 721.005 is overruled.

Inscriptions other than those described in section 721.004 may be printed on a county-owned vehicle, but they may not obscure the required identifying marks or make identification of the vehicle difficult.

A county has no authority to place decals advertising private businesses on county-owned vehicles in exchange for a payment from the business.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee