United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

─────────────────────

No. 04-11314

─────────────────────

PATRICK H. HIGHTOWER, individually and d/b/a P&D Consulting and Contracting Engineers,

                    Plaintiff-Appellant-Cross-
                    Appellee,

versus

KIDDE-FENWAL, INC., d/b/a Chemetron Fire Systems, Inc.,

                    Defendant-Appellee-Cross-
                    Appellant,

─────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 04-CV-153-A

─────────────────────

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alleging tortious interference with contract, Patrick Hightower sued Chemetron in district court. The court granted summary judgment to Chemetron. We affirm.

Hightower beat out Chemetron in bidding to design and provide a fire protection system for Alcom. There were significant problems with his performance - Hightower ran late and provided

───────────────

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inadequate drawings for the system on multiple occasions. Alcom's parent company, Alcan, hired Chemetron, with which it had had a long relationship, to review Hightower's work. Chemetron's reviews were critical of his work, but Hightower points to only one statement as false.

The district court stated, and Hightower does not contest on appeal (aside from making a conclusory, unconvincing argument about a three-inch valve), that the only real dispute regarding the accuracy of the reviews stemmed from Chemetron's statement that an electronic relay selected by Hightower was an older design which Chemetron had stopped using. Hightower claimed that this statement was false and put him in a bad light. Hightower does not contest the district court's conclusion that the evidence here is ambiguous; more importantly, he does not contest the court's conclusion that the ambiguity is irrelevant because Hightower never contested what really mattered - that he was planning to use the older relay. Thus, we consider Chemetron's reviews to be accurate, even if highly critical of Hightower.

After more delays and inadequate performance, Alcan directed Alcom to fire Hightower, which it did.

The district court granted summary judgment to Chemetron after concluding that it was privileged and justified[1] in its actions

_____

[1]Privilege and justification are affirmative defenses to tortious interference with contract in Texas. *David L. Aldridge Co. v. Microsoft Corp.*, 995 F. Supp. 728, 742 (S.D. Tex. 1998).

because its reviews were done pursuant to a reasonable request for advice and were not false. We review *de novo*.[2]

We agree with the district court that there is no genuine issue of material fact and that Chemetron is entitled to judgment as a matter of law. Hightower argues that privilege and justification are negated by "sharp dealing," but even if this were so, he has not shown any sharp dealing. Although relations between the parties were acrimonious, allegations that Chemetron behaved "unfairly," "bellyached," or spewed negative information about Hightower are insufficient where there is no evidence that Chemetron lied in its reviews of Hightower's work. Similarly, Hightower has not shown that Chemetron's position as reviewer was inherently unfair and should, as a matter of law, void the affirmative defense.

The only specific action by Chemetron alleged by Hightower that is arguably at the margin of privilege or justification is Chemetron's alleged October 22, 2001 bid for Hightower's ongoing project. Even if that allegation was supported by competent evidence – the bid appeared in the record as an unauthenticated e-mail – Hightower has pointed to no authority holding such a bid to be *per se* tortious. At the time of the bid, Hightower was almost

---

[2]*Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

3

two months late and had presented inadequate drawings.[3]

For these reasons, the district court's grant of summary judgment to Chemetron is AFFIRMED. We need not and do not reach Chemetron's attack on Hightower's evidence.

AFFIRMED.

---

[3]*Jack v. State*, 694 S.W.2d 391, 398-99 (Tex. App. - San Antonio 1985, writ ref'd n.r.e.) (holding that once a party has materially breached a contract, the non-breaching party is excused from further performance)*; see C.E. Servs. Inc. v. Control Data Corp.*, 759 F.2d 1241, 1248 (5th Cir. 1985) (holding that inducing a party to cease contractual relations when it has a right to do so cannot be tortious).