

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 1, 2014

The Honorable Craig Watkins
Dallas County District Attorney
411 Elm Street, 5th Floor
Dallas, Texas 75202

Opinion No. GA-1090

Re: Authority of Dallas County, under Labor Code section 62.0515 and the County Purchasing Act, to require payment of a wage higher than the state-mandated minimum wage to employees of county contractors (RQ-1203-GA)

Dear Mr. Watkins:

You ask whether "Dallas County [is] expressly authorized to require a living wage be paid on contracts awarded pursuant to the County Purchasing Act."[1] In the alternative, you ask whether Dallas County (the "County") has "implied authority under the County Purchasing Act to include payment of living wages as a factor in a request for competitive proposals." Request Letter at 1.

"[T]he authority of the Commissioner's Court as the governing body of the county to make contracts in behalf of the county is limited to that conferred either expressly or by necessary implication by the constitution and laws of this state." *Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). The County Purchasing Act (the "Act"), Local Government Code chapter 262, subchapter C, requires that counties make certain purchases using competitive bidding, which obliges the commissioners court to "(1) award the contract to the responsible bidder who submits the lowest and best bid; or (2) reject all bids and publish a new notice." TEX. LOC. GOV'T CODE ANN. § 262.027(a) (West Supp. 2014); *see generally id.* §§ 262.021–.037 (West 2005 & Supp. 2014). The Act also authorizes alternative competitive procedures beyond traditional competitive bidding, such as the competitive proposal process outlined in section 262.030, about which you ask.[2] *See* Request Letter at 1. The Act does not

---

[1]Letter from Honorable Craig Watkins, Dallas Cnty. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (June 3, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter"). By "living wage," you mean that "contractors would [be required to] pay employees who work on county projects awarded under Texas Local Government Code section 262.[0]30 at least $10.25 per hour." *Id.* at 2.

[2]Section 262.030 authorizes a competitive proposal procedure when a county purchases certain goods and services and when a county purchasing agent determines, with commissioners court consent, that the use of an

(continued...)

expressly authorize a county to require higher wages in its solicitation for proposals under section 262.030. *See* TEX. LOC. GOV'T CODE ANN. § 262.030 (West Supp. 2014). You first ask whether section 62.0515(c) of the Labor Code supplies such express authorization. Request Letter at 1.

Chapter 62 of the Labor Code requires employers to pay employees at least the minimum wage established under the Fair Labor Standards Act of 1938. TEX. LAB. CODE ANN. § 62.051 (West 2006). Section 62.0515 provides that this minimum wage requirement "supersedes a wage established in an ordinance, order, or charter provision governing wages in private employment, other than wages under a public contract," except as otherwise provided. *Id.* § 62.0515(a). Section 62.0515 does not apply "to a minimum wage established by a governmental entity that applies to a contract . . . entered into by a governmental entity and a private entity." *Id.* § 62.0515(c).[3] A private entity that enters into such a contract and agrees to comply with a minimum wage established by the governmental entity "is subject to the terms of that contract." *Id.* You contend that this enforcement provision "expressly authorizes a county to solicit and evaluate competitive proposals based upon a private entity's agreement to pay its workers more than the state-mandated minimum wage." Request Letter at 3.

Section 62.0515 acknowledges other statutory schemes through which the Legislature has authorized a deviation from the state minimum wage requirement. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 2258.021–.022 (West 2008) (requiring that public works construction employees be paid at least the general prevailing rate of per diem wages in the locality). Section 62.0515 is applicable in situations in which the Legislature has specifically authorized such a departure. But section 62.0515 does not itself provide an explicit grant of authority for a county to require a contractor to pay its workers a higher wage.[4] Other provisions of the Act suggest that when the Legislature intends to authorize a county to require bidders to comply with a specific requirement, it knows how to do so. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. §§ 262.025(d) (West Supp. 2014) (authorizing certain commissioners courts to "require that a minimum of 25 percent of the work be performed by the bidder"), 262.027(f) (permitting commissioners to "condition acceptance of a bid on compliance with a requirement for attendance at a mandatory pre-bid conference under Section 262.0256"); *see also FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact a law effectuating its

---

alternative competitive proposal procedure "is in the best interest of the county." TEX. LOC. GOV'T CODE ANN. § 262.030(d) (West Supp. 2014).

[3]For purposes of section 62.0515, the term "governmental entity" includes a county. TEX. LAB. CODE ANN. § 62.0515(d) (West 2006).

[4]In an analogous situation, this office considered whether a school district could require outside contractors to pay their workers a higher wage than was otherwise mandated by a prevailing wage statute. *See* Tex. Att'y Gen. Op. No. JC-0011 (1999) (construing chapter 2258 of the Government Code, applicable to public works construction contracts). Although the statute provided that the payment of higher wages to a worker employed on a public work was not prohibited, this office nonetheless concluded that the statute did not expressly authorize the school district to *require* a contractor to pay a higher wage. *Id.* at 3.

intent). Thus, a court would likely conclude that section 62.0515 of the Labor Code does not expressly authorize a county to require a higher wage as a condition for an award of the contract.

In your second question, you suggest in the alternative that section 262.030 of the Act necessarily implies the authority to include a higher wage as one of several proposal evaluation factors, to which the county would assign a relative value. Request Letter at 3; *see* TEX. LOC. GOV'T CODE ANN. § 262.030 (West Supp. 2014). A request for proposals under section 262.030

> must specify the relative importance of price and other evaluation factors. The award of the contract shall be made to the responsible offeror whose proposal is determined to be the lowest and best evaluated offer resulting from negotiation, taking into consideration the relative importance of price and other evaluation factors set forth in the request for proposals.

TEX. LOC. GOV'T CODE ANN. § 262.030(b) (West Supp. 2014). The term "lowest and best" means an "offer providing the best value considering associated direct and indirect costs, including transport, maintenance, reliability, life cycle, warranties, and customer service after a sale." *Id.* § 262.022(5–a). Thus, in evaluating bids under section 262.030, the commissioners court must consider the "best value" to the county and the "associated direct and indirect costs," for which the evaluation factors developed by the commissioners court serve as a benchmark. *Id.*

You suggest that "including a living wage as an evaluation factor in competitive proposals would result in workers who are more highly qualified and thus more competent, and that this will improve the quality of the work provided." Request Letter at 3. The Texas Supreme Court has explained that the main purpose of the competitive bidding statutes is

> to stimulate competition . . . and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition . . . or increase the cost of the work or of the materials or other items going into the project.

*Tex. Highway Comm'n v. Tex. Ass'n of Steel Imps., Inc.*, 372 S.W.2d 525, 527 (Tex. 1963) (citation omitted). The Court has also recognized the authority of a state agency to specify the quality of materials sought, stating that "[m]atters of quality should be fixed by quality specifications and not by proscriptions" that are indirect. *Id.* at 529. Based on these principles, this office has previously concluded that bid specifications must have a "definite and objective relationship to matters of quality and competence" or be "adopted pursuant to clear legislative authority." *See* Tex. Att'y Gen. Op. Nos. JC-0521 (2002) at 5, JC-0223 (2000) at 8, DM-113 (1992) at 7. Whether the payment of higher wages is definitively and objectively related to the quality of services provided under any particular contract, such that it can be included as an evaluation factor on competitive proposals submitted under section 262.030 of the Act, requires a factual inquiry and is not a question that can be answered in the opinion process. Tex. Att'y Gen. Op. No. GA-1050 (2014) at 2 (explaining that this office is not authorized to perform factual inquiries).

## SUMMARY

A court would likely conclude that Dallas County is not expressly authorized by section 62.0515 of the Labor Code to require a higher wage as a condition for a contract award under the County Purchasing Act. Whether the payment of higher wages is definitively and objectively related to the quality of services provided under a specific contract such that it can be included as an evaluation factor on competitive proposals submitted under section 262.030 of the Act requires a factual inquiry and is not a question that can be answered in the opinion process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee